I. E. WISEMAN v. J. R. COTTINGHAM ET AL.

No. 2397.    Decided March 10, 1915.

**1.—Judgment—Unknown Heirs—Bill of Review.**

The proceeding under article 2026, Revised Statutes, by heirs against whom a judgment has been recovered on service by publication, to obtain a review of such judgment is in effect a continuation of the original suit and amounts to no more than a motion for new trial, permitted to such parties, by the statute, within two years from the recovery of the judgment. It is not necessary that co-defendants of the heirs, personally cited, and having no interest adverse to them, be made parties or served with process.    (P. 71.)

**2.—Vendor's Lien—Legal Title—Election of Remedies.**

The holder of a mere vendor's lien against land did not, by presenting the note and lien as a claim against the estate of the deceased maker, lose the right, on subsequently acquiring the superior legal title, to sue for the recovery of the land, the claim being unpaid and the estate insolvent. There was no election of remedies, since he pursued the only one then open to him.    (Pp. 71, 72.)

**3.—Unknown Heirs—Judgment—Review—Parties.**

Where the holder of a vendor's lien and of the superior legal title reserved in the vendor recovered the land by suit against the grantee's heirs, some of whom, however, as unknown, were cited by publication, the latter had the right, on review of the judgment under article 2026, Revised Statutes, to the same defense which would have been available in the original suit, if they had had opportunity to make it, that is, by tender of the amount of the note secured by the lien, with interest and costs. And the judgment so defeated by them was thereby set aside as to their co-defendants therein, the other heirs who had been personally cited.    (P. 72.)

Error to the Court of Civil Appeals, Fourth District, in an appeal from Wilson County.

Wiseman appealed from a judgment setting aside a former recovery by her against the heirs of Cottingham, and on its affirmance obtained writ of error from the Supreme Court.

*Canfield & King* and *L. B. Wiseman,* for plaintiff in error.—In a suit to set aside or vacate a judgment it is a general rule that all persons must be made parties who were parties to the original proceeding. Townes on Texas Pleadings (2nd ed.), p. 284; Duncan v. Bullock, 18 Texas, 544; York v. Cartwright, 42 Texas, 136-142; Williams v. Nolan, 58 Texas, 712; Slaughter v. Owens, 60 Texas, 671; Black on Judgments,

paragraphs 34, 211 and 315; Clevenger v. Mayfield, 86 S. W., 1062; Hare v. Ft. Smith & W. Ry. Co., 148 S. W., 1038; Harrison v. Walton's Ex'r., 30 S. E., 372.

Where certain defendants were served personally with citation and certain defendants served with citation by publication, and judgment was rendered against all of them, defendants who were served by publication can not have judgment set aside as to themselves, and also as to the defendants who were served personally, the latter not being before the court asking for the judgment to be set aside. Holt v. Love, 131 S. W., 857; Fitzgerald v. Brown, 40 S. E., 735, 114 Ga., 691; Day v. Goodwin, 73 N. W., 864, 104 Iowa, 374.

Where a party holds a vendor's lien note against an estate, and presents the note to the administrator of the estate, and same is allowed and classed, it is not such an election on the part of the holder of the note, after he has acquired the superior title to the land, that he can not withdraw the note and bring suit for the land. G., C. & S. F. Ry. Co. v. Blount, 136 S. W., 566; Bandy v. Cates, 97 S. W., 710; Sarbach v. Fidelity & Deposit Co., 125 Pac., 63, 87 Kan., 774; Sweet v. Bank, 77 Pac., 538, 73 Kan., 47; Washbon v. St. Bank of Holton, 121 Pac., 515, 86 Kan., 468; Peterson v. Wheeler, 120 Pac., 83; Farmers & Merchants Bank v. Wood Bros. Co., 118 N. W., 282, 120 N. W., 625.

Where the holder of a vendor's lien note, payment thereof being secured by a vendor's lien specially retained in the deed from vendor to vendee abandons note and lien and institutes a suit of trespass to try title against the administrator of the estate of the vendee to recover the land, the heirs of the vendee are not necessary parties to the suit and the decree divesting the title out of the administrator of the estate is binding on the heirs of the deceased. Curran v. Texas Land & Mortgage Co., 24 Texas Civ. App., 499, 60 S. W., 466; Howard v. Johnson, 69 Texas, 655.

Where a vendor's lien is retained in a deed to secure the payment of purchase money note, and the vendee dies insolvent, an action to recover the property may be maintained against the administrator of the deceased estate. Curran v. Texas Ld. & Mtg. Co., 24 Texas Civ. App., 499, 60 S. W., 466.

As a general rule a valid tender can only be made by the person who has the right to pay the debt. Simkins on Equity, p. 366; 28 A. & E. Ency. of Law (2nd ed.), pp. 34, 35; Davies v. Dow, 80 Minn., 223, 83 N. W., 50; Sharpe v. Garesche, 90 Mo. App., 223; Whittaker v. Belvidere Mill Co., 55 N. J. Eq., 674.

Where heirs of deceased person were made defendants and were cited by publication and judgment rendered by default and afterwards a bill of review is filed by the heirs who were cited by publication, they should allege and prove that a different judgment would have been rendered than was rendered at first trial had they had notice of the suit. Bean v. Love, 33 Texas Civ. App., 377, 77 S. W., 242; Tinsley v. Corbett, 27 Texas Civ. App., 633, 66 S. W., 910; Bernhard v. Idaho Bank & Trust Co., 30 Am. & Eng. Ann. Cases, 120; Reed v. New York Natl.

Exchange Bank, 230 Ill., 50, 82 N. E., 341; Needle v. Biddle, 32 R. I., 342; 6 Pomeroy's Eq. Jur., paragraph 667; Freeman on Judgments (4th ed.), paragraph 498; 23 Cyc., 1031; Knox County v. Harshman, 133 U. S., 152.

*Shook & Vanderhoeven* and *Webb & Goeth,* for defendants in error.— Defendants had the right to defeat the action for recovery of the land by tender of the debt. Tom v. Wollhoefer, 61 Texas, 281; Estes v. Browning, 11 Texas, 237; Kauffman & Runge v. Brown, 83 Texas, 47; Moore v. Giesecke, 76 Texas, 551; Erwin v. Daniels, 34 Texas Civ. App., 378, 79 S. W., 61; McCord v. Hames, 38 Texas Civ. App., 239, 85 S. W., 504; Moore v. Brown, 103 S. W., 244; Hamblen v. Foltz & Walsh, 70 Texas, 132.

Mr. Justice PHILLIPS delivered the opinion of the court.

In the year 1906 T. A. Cottingham purchased from James P. West a tract of land comprising twenty-five acres situated in Wilson County, paying $150, cash, and executing a vendor's lien note for $125, the balance of the purchase price due October 1, 1907. The note was thereafter assigned by West to the plaintiff in error, Mrs. I. E. Wiseman. Cottingham died, and J. R. Cottingham qualified as administrator of his estate under appointment of the probate court of Bexar County. In the fall of 1907 Mrs. Wiseman presented the note as a claim against Cottingham's estate, and it was so allowed on December 4, 1907. She at that time only held the note and lien. The note was not paid because the estate had no funds available, nor was any sale of the land had for that purpose in the course of the administration. Thereafter, on January 14, 1909, Mrs. Wiseman acquired the superior title to the land; and, with the note past due and still unpaid, on February 26, 1909, instituted a suit in the District Court of Wilson County for the land against J. R. Cottingham, administrator of the estate of T. A. Cottingham, and individually, W. H. Cottingham, two of the heirs of T. A. Cottingham, and the unknown heirs of T. A. Cottingham, alleging the non-payment of the note and that, as its owner, she had exercised her option to abandon the note and recover the land as the holder of the superior title. J. R. Cottingham and W. H. Cottingham were each personally served with citation, and due service by publication was had upon the unknown heirs. J. R. Cottingham and W. H. Cottingham made default. A guardian *ad litem* was appointed by the court to represent the unknown heirs, who interposed in their behalf a plea of not guilty. Upon the hearing judgment was rendered on December 22, 1909, in favor of Mrs. Wiseman against all the defendants for the land.

On October 11, 1910, Mamie Cottingham Chambliss, joined by her husband and Clive Cottingham, one the niece and the other the nephew of T. A. Cottingham, and representing in interest one-seventh of his estate, filed their bill of review in the District Court of Wilson County, seeking to have vacated the original judgment rendered in Mrs. Wise-

man's favor. As grounds for such relief they asserted, in substance, that they resided in North Carolina and Missouri, respectively; that they had no previous knowledge of the pendency of the suit, and were not bound by the judgment because not personally served; that Mrs. Wiseman had obtained the allowance against Cottingham's estate of her claim represented by the $125 vendor's lien note; that the full amount due upon the note was $193, which, prior to the filing of the bill, they had tendered to Mrs. Wiseman and which had been paid into court for the purpose of satisfying the note; that they were entitled to have Mrs. Wiseman accept the amount due upon the note and were willing to pay her the full amount due in satisfaction of her claim for the protection of their interest in the land, which had increased in value and was worth the sum of $1000. J. R. Cottingham and W. H. Cottingham were not parties to the bill of review. On hearing, judgment was rendered in accordance with the prayer of the bill, vacating the original judgment entirely, requiring Mrs. Wiseman to accept $205.80, the principal, interest and attorney's fees due upon the note, then in the registry of the court, and a further sum amounting to all the costs, and decreeing the land to the plaintiffs for the benefit of all the heirs and the estate of T. A. Cottingham. The judgment was affirmed by the honorable Court of Civil Appeals, and its correctness is the question presented for decision.

The proceeding was under article 2026, which provides that in cases where judgment has been rendered on service by publication a defendant not appearing may obtain a new trial for good cause shown upon a sworn application, filed within two years after the rendition of the judgment. It was but a continuation of the original suit, and did not possess the character of an independent action in equity to review the judgment. While the petition was styled, under the statutory term, as a bill of review, it amounted to no more than a motion for new trial, permitted in such cases by virtue of the statute, to be filed and heard after adjournment of the term. Mussina v. Moore, 13 Texas, 7; Miles v. Dana, 13 Texas Civ. App., 240, 36 S. W., 848; Glaze v. Johnson, 27 Texas Civ App., 116, 65 S. W., 662; Wolf v. Sahm, 55 Texas Civ. App., 554, 120 S. W., 1115; Fred v. Fred, 126 S. W., 900. While it is provided by article 2027 that in such cases the petition shall be filed and service of process made upon "the parties adversely interested in the judgment," it was not necessary that J. R. Cottingham and W. H. Cottingham be made parties to the proceeding and be served with process. Their interests were not adverse to those of the parties seeking the new trial, but were in common with them. Relief against the judgment was sought for their benefit, as well as heirs of T. A. Cottingham.

Mrs. Wiseman was not, in our opinion, concluded in her right to sue for the land because she had previously obtained an allowance of her claim represented by the vendor's lien note in the administration of Cottingham's estate, upon the theory, as held by the Court of Civil Appeals, that she had elected that remedy and, therefore, could not

pursue another. The rule of election of remedies has application only where the party against whom it is invoked has two inconsistent remedies at his disposal at the time of the supposed election. It could not reasonably have force where at that time he pursued the only one available to him. When Mrs. Wiseman presented her claim upon the note for allowance in the administration of Cottingham's estate, she did not hold the superior title to the land and could not have maintained a suit for the land. She only held the note and lien, and her only remedy, therefore, was upon the note. The record shows that the estate was without any funds to pay the claim; and after it had remained unpaid for more than a year after its allowance, she acquired the superior title to the land from West, the original vendor, and then, abandoning her claim upon the note, brought suit for the land as the holder of such title. Under these circumstances she was clearly entitled to assert her subsequently acquired title. Ballard v. Carmichael, 83 Texas, 355, 18 S. W., 734.

In the suit for the recovery of the land Mrs. Chambliss and Clive Cottingham, for themselves and the other heirs of Cottingham, would have had the undoubted right to tender to Mrs. Wiseman the amount due upon the $125 vendor's lien note, and thereby defeat her action. It was a defense, the presentation of which would have resulted in the rendition of a different judgment. They were denied the opportunity of making it through no fault of their own, as it does not appear that they had any knowledge of the pendency of the suit. Upon its assertion, therefore, and the tender into court in this proceeding of the amount due upon the note, sufficient cause was shown for the award of a new trial upon their petition. A liberal discretion should be employed in the granting of a new trial under this statute. It is plainly authorized where it appears that a defendant cited by publication has a good defense to the suit which he was denied the opportunity of presenting, and his application is made in accordance with the statute.

Under our practice the granting of a new trial upon the motion of one of several defendants vacates the judgment as to all of them. Berry v. Garnett, 45 Texas, 400; Wooters v. Kauffman, 67 Texas, 488, 38 S. W., 465; Railway Co. v. James, 73 Texas, 12, 15 Am. St., 1043, 10 S. W., 744. The effect, therefore, of the award of a new trial upon the petition of Mrs. Chambliss and Clive Cottingham was to set aside the judgment as to J. R. Cottingham and W. H. Cottingham as well; restoring the status the case had before the rendition of the judgment, and leaving the issues to be determined anew. Under this situation it was competent for the court to allow the defense presented and render judgment accordingly.

The judgments of the Court of Civil Appeals and the District Court are affirmed.

*Affirmed.*