### TROTTLE v. HARRISON et al.
### No. 12726.

Court of Civil Appeals of Texas. Fort Worth.
Dec. 3, 1932.

Rehearing Denied Jan. 14, 1933.

F. M. Brantly, of Fort Worth, for appellant.

Polk, Sansom & Terrell, of Fort Worth, for appellees.

DUNKLIN, Justice.

B. G. Trottle instituted this suit in trespass to try title to three lots in Worth Heights addition to Fort Worth. Plaintiff's petition was in the usual form of trespass to try title, followed by a petition in the nature of a bill of review to set aside and can-

cel as void a foreclosure decree of the same court and a sale of those lots thereunder to plaintiffs in that suit, to wit, James Harrison, W. B. Harrison, Frank Andrews, and the Fort Worth National Bank, as independent executors and trustees of the last will and the estate of Mrs. Sallie H. Culbertson, deceased; all of whom were made defendants in this suit.

The grounds upon which plaintiff claimed that the foreclosure decree and sale attacked were void, consisted in allegations that appellant here, who was a party defendant in the former suit, was never served with citation to appear and answer plaintiffs' petition in the former suit, notwithstanding he resided in Tarrant county where the suit was instituted as was well known to plaintiffs at the time; and that he was the owner of the fee-simple title to the lots at the time of the institution of the suit and at the time of the foreclosure sale, free of the lien which was foreclosed in that suit.

There were further allegations that plaintiff did not learn of the decree of foreclosure nor of the sale thereunder "until long after the same and after the expiration of the term of said court at which said purported judgment was rendered, nor could this plaintiff have learned of the same by due diligence, not having any notice thereof as aforesaid."

In the present suit defendants filed an answer consisting of a general demurrer, a special exception invoking the statute of limitation of two years, a plea of not guilty, and a general denial; also a plea of the statute of limitation of two years, with further allegations that plaintiff negligently failed to have citation served on defendants in this suit until five months after the suit was filed, and therefore the date of such service was in fact the date of the institution of the suit within the meaning of the statute of limitation of two years. And by way of cross-action defendants sought a judgment removing plaintiff's claim as a cloud upon defendants' title to the property in controversy.

The former judgment against B. G. Trottle, which he sought in this suit to set aside, was rendered October 8, 1928, and this suit was filed by him October 7, 1930, just before the expiration of the two years' period allowed by article 2236, Rev. Statutes, within which to file such a proceeding when the former judgment has been rendered upon service of citation by publication against the complaining party; and it has been held that, while the statute denominates such a proceeding as a bill of review, it amounts to nothing more than a continuance of the original suit by motion for a new trial, the merits of which are not governed by the rule in equity governing an independent suit to set aside a final judgment. Wiseman v. Cottingham, 107 Tex. 68, 174 S. W. 281; Hunsinger v. Boyd, 119 Tex. 182, 26 S.W.(2d) 905.

This application made by B. G. Trottle, styling himself plaintiff and the holders of the former judgment defendants, to set aside the former judgment because it was procured in his absence from the state and without his appearance, and by publication only, was called for trial on May 7, 1931, after it had been regularly set therefor on the docket. Thereupon defendants announced ready for trial, but plaintiff announced not ready, and then filed a motion for a continuance, which was overruled. Thereupon plaintiff moved to dismiss his suit, as did also the defendants their cross-action, and both motions were granted. Plaintiff did not except to the dismissal of his suit, nor to the denial of his motion to continue, nor did he then give notice of appeal.

The motion for continuance was verified by plaintiff's counsel and attached thereto was also the affidavit of Mrs. V. F. Withers. The motion contained an allegation that plaintiff was the owner of the fee-simple title to the property in controversy, which was superior to the lien foreclosed in the former suit, and that he was absent from the state of Texas when his application was called for hearing, and that his counsel had been unable to advise him of the setting of the application for hearing by the court. The affidavit of Mrs. V. F. Withers embodies statements that she was a codefendant with plaintiff Trottle in the former suit, and was personally served with citation, and that at the time of such service Trottle's place of residence was at 932 West Weatherford street, Fort Worth, Tex., which was the location of the property in controversy, and that affiant was quite sure that plaintiff Trottle had no knowledge of the issuance or service of the citation by publication on him, or of the subsequent rendition of such former judgment until long after its rendition. Affiant further stated that on account of illness she was then unable to appear at the hearing of plaintiff's application; and in the motion for continuance it was alleged that plaintiff was unable to establish the fact so alleged by any other witness than plaintiff and Mrs. V. F. Withers.

In plaintiff's motion to dismiss his suit, it was alleged that he was forced to take such action by reason of the overruling of his motion for continuance, and that the motion was made without prejudice to his right at a later date to apply for a reinstatement of his application to set aside the former judgment against him.

On May 15, 1931, eight days after the dismissal of plaintiff's application to set aside the former judgment, he filed a motion to set aside the dismissal of his suit and to reinstate his said application. In that motion plaintiff reasserted the grounds upon which he sought to set aside the former judgment of foreclosure with the further statement that he had been forced to take a nonsuit on account

of the overruling of his application for a continuance, and that since more than two years had elapsed since the rendition of such foreclosure judgment he could not institute a new suit for the same purpose. Attached to that motion was the affidavit of Mrs. V. F. Withers, stating that when the nonsuit of plaintiff's application was taken she was then too ill to attend court, but that she has now recovered from such illness.

The application to reinstate was heard on June 15, 1931, and was on that day overruled, and to that order plaintiff excepted and in open court gave notice of appeal.

The application for a reinstatement of the case was not accompanied by any affidavit of plaintiff himself showing why he had not appeared at the time a continuance of his suit was sought, nor any showing of merit in the proceeding instituted to set aside the former judgment. Indeed, plaintiff failed to attach any affidavit of himself of any character. Nor was there any affidavit from any source explaining why he did not make such a showing in support of his motion to reinstate; and under such circumstances we believe it clear that there was a lack of showing of merit in the application to reinstate, and therefore the assignment of error addressed to that ruling must be overruled. The further assignment of error to the dismissal of the suit on plaintiff's application therefor is likewise overruled; and the judgment of the trial court is in all things affirmed. The order of dismissal of defendants' cross-action is left undisturbed.