**DENNIS et al. v. McCASLAND.**

No. 4455.

Court of Civil Appeals of Texas.   Texarkana.
Feb. 23, 1934.

Rehearing Denied March 1, 1934.

Rowell & Rowell, of Jefferson, for appellants.

A. G. Schluter, of Jefferson, for appellee.

LEVY, Justice (after stating the case as above).

■ It is believed it may not properly be held that the facts and special circumstances show, as a matter of pure law, insufficient reason for overruling the bill of review and refusing to grant a new trial in the cause. Under express provision of the statute, applications for new trial in general must be made during the term of the court at which the judgment or decision was rendered. Article 2092, as amended by Acts 1930 (5th Called Sess.) c. 70, § 1 (Vernon's Ann. Civ. St. art. 2092), and article 2232, R. S. The exception, as provided by article 2236, is in cases only in which judgment has been rendered on service by publication. As provided, by bill of review, as termed, the aggrieved party can make application to the court within two years after such judgment was rendered to grant a new trial and set aside the judgment, although the time for the filing of the motion in general for new trial has passed. In nature of proceeding it amounts to no more than a motion for new trial permitted by the statute to be filed and heard after the judgment of the court and within two years after the judgment was rendered. Wiseman v. Cottingham, 107 Tex. 68, 174 S. W. 281; Wolf v. Sahm (Tex. Civ. App.) 120 S. W. 1114, 1116; 25 Tex. Jur. § 170, p. 567; 17 Tex. Jur. § 24, p. 26. This method is not by its terms made the exclusive method by which a new trial may be obtained on service of process by publication. The statute is not mandatory, rather than of discretion, clearly entitling the complainant to a new trial simply because the judgment is rested on process by publication. As worded, there is imposed the condition "of the defendant showing good cause" in his application for the granting of a new trial. This means that the applicant must show and prove a meritorous defense, Strickland v. Baugh (Tex. Civ. App.) 169 S. W. 181; Hunsinger v. Boyd, 119 Tex. 182, 26 S.W.(2d) 905, and an excuse for failure to avail of the legal remedy of appeal, Home Ben. Ass'n of Henderson County v. Boswell (Tex. Civ. App.) 268 S. W. 979; Hiltbrand v. Hiltbrand (Cal. Sup.) 23 P.(2d) 277. An element of "good cause" is the want of timely actual notice of the pendency of or rendition of judgment in the suit. Dunlap v. Wright (Tex. Civ. App.) 280 S. W. 276. A bill of review, therefore, is not available when a motion for new trial is timely available as here. The trial court's conclusion, based on the special facts, may not be set aside. The applicant had actual notice of the rendition of the judgment, read it, and employed counsel to represent her in the litigation. From May 17th, the day she read the judgment, to June 4th, when the term of the court ended and the final adjournment of the court, there was open to her as much as nearly eighteen days within which to file a formal motion for new trial and to appeal therefrom.

The judgment is affirmed.