MATTIE A. DENNIS ET VIR. V. J. N. McCASLAND.

No. 6752.   Decided November 12, 1936.
(97 S. W., 2d Series, 684.)

*Rowell & Rowell,* of Jefferson, for plaintiffs in error.

*Joe McCasland, Schluter & Singleton,* of Jefferson, for defendant in error.

In contest of position of plaintiff in error. Kitchen v. Crawford, 13 Texas, 515; Dunlop v. Wright, 280 S. W., 276; Stewart v. Byrne (Com. App.), 42 S. W. (2d) 234.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This cause was instituted by plaintiff in error, Mattie A. Dennis, joined by her husband, and was in the nature of a motion for new trial under Article 2236 of the Revised Statutes of 1925. The purpose was to set aside a judgment entered against H. M. Ralston and the "Unknown Heirs of H. M. Ralston" in favor of defendant in error, J. N. McCasland, which judgment was based on service by publication as provided by Articles 2039 and 2040 of the Revised Statutes of 1925. The judgment was one awarding to defendant in error title to minerals in certain lands and removing cloud from title. Judgment was entered in favor of defendant in error on May 14, 1932, and the term of court ended June 4, 1932. The regularity of the proceedings is not questioned.

Motion for new trial was filed November 1, 1932. It showed the nature of the proceeding under which judgment was entered, that citation had been by publication, that H. M. Ralston was dead, that plaintiff in error Mattie A. Dennis was the sole and only heir of the said H. M. Ralston, that she was a non-resident of the State of Texas, and that there had been no actual knowledge on her part of the pendency of the suit prior to the time judgment was entered. Motion for new trial was verified and alleged facts which clearly showed that plaintiff in error had a meritorious defense to the cause of action as-

serted by defendant in error. The trial court refused to grant the motion for new trial, and this judgment was affirmed by the Court of Civil Appeals. 69 S. W. (2d) 506.

■ The Court of Civil Appeals made the following finding: "The evidence does not warrant a finding of fact that Mrs. Dennis and her husband knew of the pendency of the suit before the convening of the May term of court in 1932." This finding is binding upon us. It appears from findings of fact and conclusions of law by the trial court that the sole reason why that court denied the motion for new trial is shown by the following conclusion: "The applicant having notice of the rendition of the judgment in ample time to have filed a motion for new trial, this application for motion cannot at this time, be entertained, and is therefore denied."

In the case of Wiseman v. Cottingham, 107 Texas, 68, 174 S. W., 281, in an opinion by Mr. Justice Phillips, the court said:

"The proceeding was under article 2026 (R. S., 1911), which provides that in cases where judgment has been rendered on service by publication a defendant not appearing may obtain a new trial for good cause shown upon a sworn application, filed within two years after the rendition of the judgment. It was but a continuation of the original suit, and did not possess the character of an independent action in equity to review the judgment. While the petition was styled, under the statutory term, as a bill of review, it amounted to no more than a motion for new trial, permitted in such cases by virtue of the statute, *to be filed and heard after adjournment of the term.*" (Emphasis ours).

■ It is thus clearly held that the right to file a motion for new trial in a case of this kind within two years is a statutory right which is not lost by a mere failure to file a motion for new trial during the term at which the judgment was entered, even though defendant may have had knowledge of the existence of the judgment before the court adjourned. See likewise the case of Hunsinger v. Boyd, 119 Texas, 182, 26 S. W. (2d) 905.

■ The trial court did not find that there was an absence of "good cause," and did not give that as a reason for denying the motion. We think plaintiff in error did show good cause. On January 18, 1889, S. J. Leverett and wife executed a deed to Henry M. Alston (the ancestor of Mrs. Dennis), conveying "all of the iron and any and all other ores and minerals of every character in, upon and in any manner belonging or ap-

pertaining to or under the following described two hundred and twenty-eight acres of land." Then followed description of the land. This deed was filed for record January 28, 1889. In 1904 Mrs. Leverett, the surviving wife of S. J. Leverett, conveyed to defendant in error, J. N. McCasland, the above described land. This deed was recorded, and the land has been occupied by defendant in error, used and cultivated for a great many years. During this time there has been no development for or production of any minerals, other than the taking of some iron ore from the surface of the land. It is obvious that there could have been no adverse possession of the minerals beneath the surface of the land so as to give to defendant in error title by limitation. "Good cause" within the meaning of Article 2236 is shown when it is made to appear that defendant had no actual notice of the pendency of the suit prior to the time of trial of the cause, and has a meritorious defense against either the whole or a part of the cause of action asserted, the presentation of which would probably have resulted in entering of a different judgment. In the case of Wiseman v. Cottingham, supra, the court said:

"A liberal discretion should be employed in the granting of a new trial under this statute. It is plainly authorized where it appears that a defendant cited by publication has a good defense to the suit which he was denied the opportunity of presenting, and his application is made in accordance with the statute."

The judgments of the Court of Civil Appeals and of the trial court are reversed and judgment is here rendered in favor of plaintiff in error setting aside the judgment of May 14, 1932, and granting a new trial in the cause.

Opinion adopted by the Supreme Court November 12, 1936.