## SANNS et al. v. CHAPMAN et al.
### No. 5195.

Court of Civil Appeals of Texas. Amarillo.

Sept. 23, 1940.

Rehearing Denied Nov. 4, 1940.

Robt. A. Sowder and Walter F. Schenck, both of Lubbock, for appellants.

Stubbeman, McRae & Sealy, of Midland, for appellees.

FOLLEY, Justice.

This is an appeal from a judgment overruling a motion for a new trial filed under article 2236, R.C.S. of Texas, providing, in substance, that in cases where judgment has been rendered on service of process by publication and the defendant has not appeared in person or by an attorney of his own selection, the court may grant a new trial upon an application showing good cause filed by the defendant within two years after the rendition of the judgment.

The motion for new trial was for the purpose of setting aside the judgment in cause No. 2200 styled Chas. C. Chapman et al. v. John Sanns et al. in the District Court of Terry County, Texas, which was filed and entered January 18, 1938, wherein Chas. C. Chapman and others recovered judgment against John Sanns, Mrs. John Sanns, wife of John Sanns, and the unknown heirs of such defendants, deceased, their heirs and legal representatives, for title and possession of the west one-half of section 11, Block D–14, C. & M. Ry. Co. Survey in Terry County, Texas. The motion for new trial herein was filed within the two-year period by the appellants, Ralph Sanns and James E. Sanns, the only children of John Sanns, deceased. The record reveals that John Sanns, through whom the appellants claim title to the land, died March 3, 1933.

In the proceeding below from which this appeal is prosecuted the appellants failed to allege or prove want of actual notice of the pendency of the suit in cause No. 2200 prior to the time of the trial thereof or that they had been deprived of the opportunity of being represented in the trial thereof by a counsel of their own selection.

In the case of Dennis et al. v. McCasland, 128 Tex. 266, 97 S.W.2d 684, 686, in discussing the meaning of "good cause" as used in article 2236, it is said: "'Good cause' within the meaning of article 2236 is shown when it is made to appear that defendant had no actual notice of the pendency of the suit prior to the time of trial of the cause, and has a meritorious defense against either the whole or a part of the cause of action asserted, the presentation of which would probably have resulted in entering of a different judgment."

Also, in Ashton et ux. v. Farrell & Co. et al., Tex.Civ.App., 121 S.W.2d 611, 616, the meaning of "good cause" under the statute involved is thus defined: "'Good cause', within the meaning of Art. 2236, is shown where defendant had no actual notice of the pendency of the suit prior to the judgment, and alleges a meritorious defense to the action, either in whole or in part, which probably would have resulted in a different judgment."

A similar definition will be found in Smalley v. Octagon Oil Co. et al., Tex.Civ. App., 82 S.W.2d 1049, 1052, in the following language: "Good cause, as used in said statute, is shown in such cases when it is made to affirmatively appear that the defendant had no actual notice of the pendency of such suit, and that he has a meritorious defense to either the whole or a part of the cause of action asserted therein, the presentation of which would probably have resulted in the rendition of a different judgment."

In Smith et al. v. Higginbotham et al., Tex.Civ.App., 112 S.W.2d 770, 773, it is stated: "It will be observed by the wording of article 2236 that the motion shall show 'good cause.' By this it is meant that the verified motion must show good cause why the movant did not appear at the trial and present his defenses shown by the motion to exist."

Under the above authorities it is evident that one of the essential elements of "good cause" within the meaning of article 2236 is that the defendant must show that he did not have actual notice of the pendency of the original suit prior to the trial of that cause. Apparently this element is just as important as the other relative to a meritorious defense. We are therefore of the opinion the failure of the appellants in this proceeding to allege and prove want of actual notice of the original action prior to the judgment therein is fatal to their right to a new trial and dispenses with the necessity of determining the issue as to a meritorious defense. Mussina v. Moore, 13 Tex. 7; Kitchen v. Crawford, 13 Tex. 516; Wiseman v. Cottingham et al., 107 Tex. 68, 174 S.W. 281; Hunsinger v. Boyd, District Judge, et al., 119 Tex. 182, 26 S.W.2d 905; Dunlap v. Wright, Tex.Civ.App., 280 S.W. 276. Such being true it follows there was no error in the judgment.

The judgment is affirmed.