## WINN et al. v. FEDERAL LAND BANK OF HOUSTON.

### No. 11433.

Court of Civil Appeals of Texas. Galveston.

July 30, 1942.

Rehearing Denied Oct. 1, 1942.

Lester Settegast, of Houston, for appellants.

Carl Runge, Wm. N. Stokes, Jr., H. A. Berry, and Barnet B. Skelton, all of Houston, for appellee Federal Land Bank of Houston.

MONTEITH, Chief Justice.

This suit was brought by appellee, the Federal Land Bank of Houston, against G. A. Schroeder as administrator of the estate of P. B. Winn, deceased, the Jourdanton National Farm Loan Association, the Atascosa County State Bank, and the ten children of P. B. Winn, deceased, including the three appellants herein, P. B. Winn, Jr., George Winn, and John Winn, for debt and the foreclosure of two deeds of trust liens on 640 acres of land in Atascosa County, Texas.

The appellants, P. B. Winn, Jr., and George Winn, were cited by publication. John Winn was personally served with process, but default judgment was not taken against him for the reason that it was not definitely shown to the court that he was not in the military service. The Hon. Lester Settegast, an attorney of the Houston bar, was appointed by the trial court as attorney ad litem to represent the appellants, P. B. Winn, Jr., George Winn and John Winn in the trial of the cause.

The notes and deeds of trust in question were executed by P. B. Winn and his wife during their lifetime. The Jourdanton National Farm Loan Association was an endorser and guarantor of the two notes and a money judgment was sought against it. The Atascosa County State Bank was the

holder of a record abstract of judgment against J. S. Winn and P. B. Winn, Jr. Adjudication was sought of its rights under that abstract of judgment.

The trial resulted in a judgment in favor of appellee, the Federal Land Bank of Houston, for its debt, for which forecloure was decreed, but judgment was ordered certified back to the probate court of Atascosa County, Texas, for observance and enforcement.

From this judgment the attorney ad litem for the three appellants gave notice of appeal to this court and on April 15, 1942, he filed, in their behalf, his affidavit of their inability to pay the costs of appeal, or any part thereof, or to give security therefor. On the same date, the district clerk of Harris County filed his contest to the affidavit of said attorney ad litem. On April 17, 1942, appellee filed its motion to strike said affidavit, for the alleged reason that it was not signed or sworn to by said appellants or any person authorized to make the affidavit for them. At a hearing on the contest of affidavit of inability to pay costs, the attorney ad litem testified that he did not know the defendants he represented by the court's appointment, their whereabouts, or their financial means, but that he had called their brother, C. C. Winn, on the telephone and had been told by him that so far as he knew the appellants did not have any property. Appellee's objections to such testimony on the grounds that it was hearsay, irrelevant, and immaterial were overruled by the court, who decreed that appellants might appeal on the pauper's affidavit. No testimony or proof was offered at said hearing except the testimony of Lester Settegast, attorney ad litem.

Appellee, the Federal Land Bank of Houston, has filed in this court its motion for the dismissal of the appeal of appellants, P. B. Winn, Jr., George Winn and John Winn, for the alleged reason that this court is without jurisdiction by reason of the fact that said appellants have filed no appeal bond herein, but have attempted to perfect this appeal by the filing of an affidavit of inability to pay costs and have failed to make proof that they are unable to pay costs or give security therefor, as required by Rule No. 355, Texas Rules of Civil Procedure.

It is the contention of the attorney ad litem for appellants that he had the authority and that it was his duty to appeal from the judgment rendered against the parties he had been appointed to represent. He contends that it was the intention of the rule makers and the legislature in enacting said Rule 355 to provide a method of appeal where it is shown that appellants, by reason of their absence, cannot be located and are therefore unable to execute the bond required of them to perfect an appeal or to pay the costs thereof.

While the zeal of the attorney ad litem appointed to represent appellants is commendable, his contention in this regard cannot, in our opinion, be sustained.

Rule 355 of the Texas Rules of Civil Procedure provides:

"Party unable to give cost bond. (a) When the appellant is unable to pay the costs of appeal or give security therefor, he shall be entitled to prosecute an appeal by filing with the clerk his affidavit stating that he is unable to pay the costs of appeal or any part thereof, or to give security therefor. (b) The clerk shall forthwith give notice of the filing of such affidavit to the opposing party or his attorney. (c) Any interested officer of the court or party to the suit, may contest the affidavit within ten days after the giving of such notice whereupon the court trying the case (if in session) or (if not in session) the judge of the court or county judge of the county in which the case is pending shall set the contest for hearing, and the clerk shall give the respective parties notice of such setting. (d) Upon such hearing, the burden of proof shall rest upon the appellant to sustain the allegations of his affidavit. (e) Where no contest is filed in the allotted time the allegations of the affidavit shall be taken as true. (f) Where the appellant is able to pay or give security for a part of the costs of appeal he shall be required to make such payment or give such security (one or both) to the extent of his ability."

Said Rule 355 above quoted has as its source and repeals Article 2266, R.C.S. of 1925, as amended, Vernon's Ann.Civ.St. art. 2266. Article 2266 as it existed from 1871 until amended in 1931 provided as follows:

"Where the appellant or plaintiff in error is unable to pay the costs of appeal, or give security therefor, he shall nevertheless be entitled to prosecute his appeal; but, to do so, he shall make strict proof of his inability to pay the costs, or any part there-

of. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the case, and shall consist of the affidavit of the party stating his inability to pay the costs; which affidavit may be contested by any officer of the court or party to the suit, whereupon the court trying the case, if in session, or the county judge of the county in which the suit is pending, shall hear evidence and determine the right of the party to his appeal."

Article 2266, as amended in 1931, and as it existed until repealed and superseded by Rule 355, Texas Rules of Civil Procedure, as providing for the filing of an affidavit of inability to pay costs, provided: "It will be presumed, prima facie, that the affidavit of appellant speaks the truth and unless contested within ten (10) days after being filed the presumption shall be deemed conclusive."

Rule 355 indicates an intent on the part of the rule makers and the state legislature to provide a method whereby parties who are unable to pay the costs of appeal or give security therefor may prosecute an appeal by filing an affidavit with the clerk setting up these facts, provided, however, that in the event of a contest of the truth of the facts alleged the burden of proof shall rest upon the appellant to sustain the allegations of his affidavit. In this respect Rule 355 is the same as said Article 2266 as it existed prior to the enactment of said rule. The authorities up to that time were uniform in holding that where no proof of the inability of appellant to pay costs or to give security therefor, as set out in the affidavit by appellant, was made, an appellate court had no jurisdiction and an appeal must be dismissed. Odem v. Fort Worth & D. C. R. Co., Tex.Civ.App., 241 S.W. 719, and cases there cited; 3 Tex.Jur., page 347, Section 244.

In the instant case, Mr. Settegast testified that he knew nothing of the whereabouts or financial means of appellants other than what their brother, Charles Winn, told him, and that Charles Winn had stated that as far as he knew his brothers did not have any property; that one of them was somewhere in Texas, and the other two were out of the state. Mr. Settegast stated that he did not know anything about where any of the parties were and that he did not know anything about what their financial status was,

whether they are solvent or insolvent, except from the information given him by this brother.

Evidence is hearsay when its probative force depends in whole or in part on the competency or credibility of some person other than the person by whom it is sought to be produced. Texas Employers Insurance Ass'n v. Ritchie, Tex.Civ.App., 75 S.W.2d 942; 31 C.J.S., Evidence, § 192.

Hearsay evidence is in itself wholly incompetent and therefore without probative force. It does not even gain vitality because it is admitted without objection. It will not support a verdict by a jury or a finding of fact by a court. Ward v. National Banevolent Society, Tex.Civ.App., 155 S.W.2d 994; Hargis v. Moxon et ux., Tex.Civ.App., 34 S.W.2d 353; Southern Surety Co. v. Nalle & Co., Tex.Com.App., 242 S.W. 197.

It is evident, from the statement of the proof submitted by the attorney ad litem appointed to represent appellants, that he has not sustained the burden placed upon appellants under said Rule 355 (d) by competent proof of their inability to pay the costs of this appeal or any part thereof or to give security therefor.

We are strengthened in our view of the construction which, we think, must be placed upon said Rule 355 by the fact that under Rule 329, Texas Rules of Civil Procedure, formerly Article No. 2236, R.S. 1925, protection and a means whereby they may appeal has been provided for parties who have been cited by publication.

Rule 329, Texas Rules of Civil Procedure, formerly Article 2236, R.C.S.1925, provides: "In cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by attorney of his own selection: (a) The court may grant a new trial upon petition of the defendant showing good cause, supported by affidavit, filed within two years after such judgment was rendered."

Under said Rule 329, an attorney ad litem, who has reason to believe that an adverse judgment against the parties cited by publication and represented by him is incorrect, is empowered to make an investigation as to the correctness of said judgment within two years after the rendition of the judgment as to any defenses which they might have, and by bill of

review have such judgment set aside in the light of the defenses set up therein. Dennis v. McCasland, 128 Tex. 266, 97 S.W.2d 684.

In the instant case it is undisputed that no appeal bond was filed by appellants and that the affidavit of inability to pay the costs of appeal or to give security therefor was made by the attorney ad litem, and not by appellants. On the hearing of the contest to sustain the allegations of this affidavit, the only proof offered thereof was the narration by the attorney ad litem of a statement made to him over the telephone by a brother of appellants, to the effect that so far as he knew appellants had no property and that, in his opinion they were unable to pay for the costs of appeal or to give security therefor. This testimony was hearsay and was entitled to no probative value at such hearing.

It necessarily follows that, since appellants did not meet the burden of proof imposed upon them by said Rule 355, Texas Rules of Civil Procedure, to sustain the allegations of said affidavit, this court is without jurisdiction to entertain this appeal. The appeal of the appellants, P. B. Winn, Jr., George Winn, and John Winn, must therefore be dismissed. It is so ordered.

Dismissed.