**PRITZEN v. PRITZEN.**

No. 4393.

Court of Civil Appeals of Texas. Beaumont.

Nov. 3, 1946.

C. W. Wiedeman and O'Fiel & O'Fiel, all of Beaumont, for appellant.

W. R. Cousins, Jr., of Beaumont, for appellee.

WALKER, Justice.

This is an appeal from an order denying appellant Delda Pritzen's petition for a new trial under Rule 329, Texas Rules of Civil Procedure.

Appellee H. L. Pritzen and appellant Delda Pritzen were husband and wife. They separated in November, 1944, and during the latter part of that month, appellant left the state. On December 7, 1943, appellee brought suit against appellant for divorce, and for recovery of various items of personal property, including an automobile, which he alleged to be his separate property, and for partition of the community estate. Appellant was cited by publication. The supporting affidavit is not in the record, but we infer from appellant's petition that publication was made on an affidavit that appellant's residence was unknown. On February 19, 1944, the trial court rendered judgment granting appellee a divorce, awarding him his separate estate and partitioning the community, all as prayed for, charging against him however a small sum paid out of the community on a debt incurred by him prior to the marriage.

Appellant's petition for a new trial was filed on February 18, 1946. It was adjudicated by an order dated March 29, 1946, which dismissed it on appellee's motion. The terms of the motion are not recited in the order, but the statement of facts shows that the motion was oral; and a review of said motion and the proceedings had thereunder in the trial court shows that the dismissal was made on the ground that appellant had failed to prove good cause for setting the judgment aside. The order should have denied the petition instead of dismissing it, but the parties treat the order as we construe it, and we have attached no significance to the form in which the order was cast.

This proceeding is governed by Section (a) of Rule 329, and this part of the Rule repeats and thus re-enacts the language of Section (1) of Art. 2236, R.S. 1925. We accordingly apply to the Rule the construction given the statute.

Appellant's petition did not institute a new suit; it was a continuation of the original suit and was, in effect, only a motion for a new trial, although of a special kind differing in some respects from the ordinary motion for a new trial. Wiseman v. Cottingham, 107 Tex. 68, 174 S.W. 281; Rabinowitz v. Darnall, Tex.Com.App., 13 S.W.2d 73; Hunsinger v. Boyd, 119 Tex. 182, 26 S.W.2d 905; Texas Co. v. Dunlap, Tex.Com.App., 41 S.W.2d 42; Trujillo v. Piarote, 122 Tex. 173, 53 S.W. 2d 466; Dennis v. McCasland, 128 Tex. 266, 97 S.W.2d 684; Smith v. Higginbotham, 138 Tex. 227, 158 S.W.2d 481, affirming the conclusion in Smith v. Higginbotham, Tex.Civ.App., 112 S.W.2d 770; Callahan v. Staples, 139 Tex. 8, 161 S.W. 2d 489.

Good cause for a new trial has been defined as follows in Dennis v. McCasland, 128 Tex. 266, 97 S.W.2d 684, 686: "'Good cause' within the meaning of article 2236 is shown when it is made to appear that defendant had no actual notice of the pendency of the suit prior to the time of trial of the cause, and has a meritorious defense against either the whole or a part of the cause of action asserted, the presentation of which would probably have resulted in entering of a different judgment."

The court's attitude toward such a petition is shown by the following quotation from Wiseman v. Cottingham, 107 Tex. 68, 174 S.W. 281, 282: "A liberal discretion should be employed in the granting of a new trial under this statute."

Appellant proved the first element of good cause by testifying that she did not know of the suit until after judgment therein was rendered.

She denied conduct charged against her in appellee's petition as a basis for divorce, but her testimony as a whole justified the trial court in refusing to set aside the decree of divorce.

However, appellant proved herself entitled to a new trial on the issues respecting her property rights, and the division to be made of the parties' estates under Art. 4638.

The judgment lists 9 items of personal property, including an automobile and a motor bike, which were declared to belong to the appellee's separate estate, and which were awarded to him. Appellant said that all of these items except the motor bike were originally appellee's separate property, but that the motor bike was acquired after the marriage.

The judgment declared the community estate to consist of "approximately" $300 cash, "approximately" $600 (maturity value) in U. S. bonds, and unlisted linens and cooking utensils. One half of the bonds, linens and utensils was set aside to each party. The court charged appellee's half of the cash with a $53 payment made out of the community funds on his separate indebtedness, and thus of the $300, awarded him $97 and appellant, $203. Appellant, however, said that the cash only amounted to about $200 (instead of $300), that the bonds only amounted to about $300 (instead of $600), of which $100 was her separate property, and that all of the linens and cooking utensils were her separate property.

We note, furthermore, that the judgment declared appellant to be in possession of all of the aforesaid property and ordered her to deliver to appellee the items and funds awarded to him.

■ Appellant also testified, in effect, that at or about the time the parties separated, appellee told her to take the property referred to in this judgment, and she accordingly did assume possession of all of it. In November, 1944, after the separation, she sold some of this property, gave some of it away, and "left" one item, the motor bike, with an acquaintance. It must be inferred from her testimony that subsequently, and before the divorce decree, she expended a substantial part of the funds which had come into her hands, and it is a reasonable inference that these expenditures were for necessaries. Appellant also said that appellee "signed" the

automobile over to her; that he gave her the original and duplicate title certificates, and that on February 3, 1944 (16 days prior to the judgment), she applied to an Oregon registrar for license plates and a title certificate for the automobile, and upon delivery to the registrar of the aforesaid Texas title certificates (which was required) and some proof of appellee's signature, an Oregon certificate was issued to her. She produced this instrument, introduced it in evidence, and it is attached to the statement of facts. Appellee objected to the admission of the Oregon certificate; if this objection goes to the admissibility of appellant's testimony respecting the contents of the Texas certificate (and no other objection is before us), the testimony was competent secondary evidence of said documents under Missouri, K. & T. R. Co. v. Dilworth, 95 Tex. 327, 67 S.W. 88, at page 89. The appellant said she had stored the automobile in a garage at Port Arthur, Texas; and procured the license plates intending to return for it. In the meantime, appellee has taken possession of this car.

■ Appellant's testimony raised the issue that the aforesaid property was delivered over to her under a separation agreement and not an outright gift; but does not show whether the agreement was made before or after separation. She has thus failed to prove whether the agreement was valid or invalid, and thus failed to establish full title thereunder. If the agreement was made after separation, it was valid; but if before, and in contemplation of future separation, it was against public policy and void. Rains v. Wheeler, 76 Tex. 390, 13 S.W. 324; Levy v. Goldsoll, 62 Tex.Civ.App. 257, 131 S.W. 420; Wheat v. Wheat, Tex.Civ.App., 239 S.W. 667; Myles v. Arnold, Tex.Civ.App., 162 S.W.2d 442.

■ Nevertheless, whether valid or invalid, the agreement was executed, and whether it be regarded as vesting any title in appellant or not, it was obviously the reason for appellant's taking possession of said property, and for her conduct in selling, disposing of, and using up a substantial part of it. These circumstances would have affected the division made by the

trial court of the estate of the parties; for in equity and good conscience appellant ought not to be required on that division to deliver up to appellee property sold or disposed of under the belief that appellee had given the same or his interest therein to her, nor ought she to be charged with loss to appellee from such dispositions. Neither should she be made liable to appellee beyond her share of the community for funds of his expended under similar circumstances, for the loss to appellee in each instance results from his own act. Yet under the judgment appellant is absolutely liable for all of appellee's separate property, and for substantially one-half of the community estate. When this is considered with appellant's testimony regarding the exaggeration of the community estate, and the inclusion in that estate of her $100 of bonds, and her linens and cooking utensils, the matter was of sufficient importance to require a new trial in her behalf on the issues respecting the ownership and division of the estates of the parties, separate and community.

We have borne in mind that only appellant testified on the hearing below, and that she is an interested party. Nevertheless, her testimony is clear and convincing. She readily testified to matters which an untruthful person could easily have denied or evaded. And since she made out a prima facie case, the failure of her former husband to take the stand and contradict her is a circumstance in her favor. We also think her production of the Oregon title certificate to the automobile involved in this proceeding is some confirmation of her story.

The issues respecting the estates of the parties and the division thereof are severable under this court's judgment from other matters adjudicated in the original judgment of the trial court. Rule 434; Hursey v. Hursey, Tex.Civ.App., 165 S.W. 2d 761; Garcia v. Garza, Tex.Civ.App., 161 S.W.2d 297; McLemore v. McLemore, Tex.Civ.App., 285 S.W. 693; Miller v. Miller, Tex.Civ.App., 131 S.W.2d 245.

The order appealed from is accordingly affirmed in so far as the trial court refused to set aside the decree of divorce. The cause is remanded to the trial court to this extent, namely, to determine the separate and community estates of the parties on the date of the divorce decree, February 19, 1944, and to make a division of the estates of the parties in accordance with Article 4638, R.C.1925. It should be borne in mind that we have adjudicated nothing except appellant's right to a new trial; the trial court, on further hearing, will determine the remanded issues according to and on the basis of the evidence introduced and the record before said court on said hearing. Except as hereinbefore stated, we express no opinion regarding the rights of husband and wife under an invalid separation agreement which has been executed, either wholly or partially.

So ordered.