**UNITED GAS PIPE LINE CO. v.
SMITH et al.**

No. 6421.

Court of Civil Appeals of Texas.
Texarkana.

March 17, 1949.

Rehearing Denied June 23, 1949.

Vinson, Elkins, Weems & Francis, Thomas Fletcher, Earl A. Brown, Jr., Houston, Long & Strong, Carthage, for appellant.

Jones, Jones & Brian, Marshall, Clifford Roe, Carthage, for appellees.

WILLIAMS, Justice.

October 4, 1946, a judgment was entered in cause No. A-3311 which decreed that the realty here involved was incapable of being partitioned in kind and ordered it be sold at private sale. A receiver was appointed to carry out the decree. Both the judgment and receiver's report described the realty as being in three tracts, namely, the mineral estate under 21 acres, the surface estate of 20 acres, and the surface estate of an acre tract ,on which a dwelling was situate. The receiver reported the sale of the estates, respectively, for $2,520, $2,480, and $800, to United Gas Pipe Line Company, herein ·styled "United." This report was in all respects confirmed by the trial court, and .shortly thereafter the receiver executed and delivered a deed conveying the property to United. A valid subsisting oil and gas lease covering the 21 acres which is owned by the Humble Oil and Refining Company was recognized by all parties and is not in issue.

United, who filed above suit, owned at the time $\frac{1}{4}$ of the minerals and $\frac{1}{2}$ of the surface of the 20 acre tract, and $\frac{1}{8}$ of the minerals and $\frac{1}{4}$ of the surface of the acre tract. Mrs. Elizabeth C. Smith, a defendant in above cause, then owned $\frac{17}{32}$ of the minerals and $\frac{1}{2}$ of the surface of the 20 acre tract; and $\frac{9}{16}$ interest in both the surface and minerals of the acre tract; other defendants in above cause, heirs of a deceased sister, owned the remainder in fractional interests of $\frac{1}{32}$ to $\frac{1}{8}$. The $5,800 received from the sale, less court costs, and taxes, was distributed and paid out by the district clerk to all parties above mentioned according to their pro rata interests except Mrs. Elizabeth C. Smith who has refused to accept her distributive share as ascertained by the court.

She, joined by her husband, herein styled "movants," both of whom had been cited by publication in above litigation, invoked the provisions of Rule 329, Texas Rules of Civil Procedure, and timely filed on December 16, 1947, their motion for a new trial in above cause and for a retrial of the cause on its merits. They named and caused to be personally cited United, plaintiff in the original proceedings, and all the other parties defendant named therein, as adverse parties to this motion.

As grounds for new trial, movants plead they were without knowledge of above litigation until shortly prior to date of filing the motion for new trial. They alleged that $800 was a grossly inadequate price for the one acre surface with house on it at the time of the receiver's sale; that the 21 acres of minerals then and now were a part of a 640 acre unitized lease in which each acre shared pro rata in the proceeds of any production had in the block irrespective of its location, and hence such minerals involved were capable of an equitable division in kind; and that she being the owner of $\frac{1}{2}$ of the surface of the 20 acres and the major interest in the surface of the acre tract, the surface was capable of being partitioned in kind so as to set aside to her the surface and house on the acre tract subject to adjustment of equi-

ties between parties. She set up that had she known of the suit and had been represented by counsel of her choice she would and could have contested and prevented the confirmation of the sale, and would have prevailed in her claim that the property was capable of being partitioned in kind.

United joined issue on above allegations with a general denial; plead the regularity of the former proceedings; that such issues here urged had been joined by both pleading and evidence in the former trial, that the court who participated in the interrogation of the witnesses had determined upon abundant evidence that the realty was incapable of being equitably partitioned in kind; that the equities of the parties at interest when considered in the light of the physical situation of the land were best and most fairly served by a sale and consequent division of the proceeds in the manner as originally decreed; and upon a hearing of the receiver's report had found that the sale was fairly and equitably made. Premised on this, and that movant had notice of the pendency of the suit prior to final judgment, United asserted that movant's motion failed to show good cause for a new trial.

Shortly after United's answer had been filed, movants filed during vacation an additional pleading to set the cause for trial on the motion as well as on the merits of the case and for a jury to pass upon all fact issues to avoid two trials or a trial by piece-meal, pleading that it will be necessary to offer testimony to show existence of a meritorious defense and the likelihood that their opponent would offer evidence to show a lack of a meritorious defense having existed in movants at the former hearing. After holding this motion under advisement until appearance day of the May term, the trial court then entered an order May 4, that the motion for new trial would be held under advisement, and set the case for trial on its merits for May 10, 1948, subject to the action of the court on the motion for new trial, and at the conclusion of the testimony to be offered following which, if the motion was granted, the cause would be disposed of on its merits.

In response to special issues, the jury found that neither of movants had notice of the partition suit prior to final judgment and confirmation of the sale; (2) that during October and November, 1946, the 21 acres royalty interest under all the property and the surface of the .20 acre tract were capable of a fair and equitable division; and (3) that the house and surface on the one acre tract had been sold for a grossly inadequate price. Subsequent to this jury verdict, the court granted the motion for new trial and caused an order to this effect to be entered June 7, 1948, and thereafter on June 16, 1948, entered a judgment in favor of movants, setting aside the judgment of October 4, 1946, and the order approving the receiver's report of the sale. This judgment further ordered a partition in kind of both the mineral and surface estate of the 20 acre tract; and a public sale on separate bids of the surface and mineral estate in the one acre tract, together with the appointment of a receiver and commissioners to effect such decree. All costs of both trials were taxed against United.

It appears that the trial court prior to appearance day had reached the conclusion that movants' motion should be granted and so advised litigants by mail. On appearance day when he entered the order setting the trial for May 10, 1948, he declined to consider or hear United's written motion in contest to his decision, which, in our opinion, amounted to a refusal of this motion to first hear and determine the matters involved in the motion for a new trial. At the close of the evidence introduced by movants, and again before submission of the issues to the jury, United sought a ruling on its contention that the court first act on the motion for new trial. This alleged arbitrary action by the court has resulted in the filing of extensive bystanders bills by United and the incorporation in the transcript of a purported bill of exception filed by the court. In view of the conclusions next to be stated we pretermit a discussion of the merits or regularity of the matters presented in these bills.

It is United's position that the motion for a new trial presented a question of law ad-

dressed solely to the authority and discretion of the court and not that of a jury; (2) to grant this motion would be in effect to order a retrial on its merits, whereas, movants were not so entitled unless the court should first determine the motion for new trial should be granted; (3) that the motion on its face did not entitle movants to a new trial; (4) that the only ground stated for good cause, namely, conflicting evidence adduced by the respective parties in the former hearing was not matter in support of, but against the motion; and (5) that the statement to avoid a multiplicity of suits was a mere self-serving legal conclusion of movants.

■ The allegations of fact in support of good cause for a meritorious defense were not to be taken as true and the new trial granted or refused alone upon this motion. Keator v. Case, Tex.Civ.App., 31 S.W. 1099. These allegations of fact were controverted in the answer filed by United and thus such issues were raised. These issues of whether or not two of the estates were capable of an equitable partition in kind were also involved upon a trial on the merits. Evidence in support of the respective claims upon a hearing upon the motion and upon a trial on the merits, under the nature of this record, would be necessarily and substantially the same. "If this be true, we think the practice of submitting all the issues in one trial, now thoroughly established in this state in ordinary suits to vacate judgments, would be the most convenient, and should be adopted." Keator v. Case, 31 S.W. 1099, 1100. Discussed and cited with approval in Smith v. Higginbotham, Tex.Civ.App., 141 S.W.2d 752, 754; Dennis v. McCasland, 128 Tex. 266, 97 S.W.2d 684; Tinsley v. Corbett, 27 Tex.Civ.App. 633, 66 S.W. 910.

■ With the establishment by evidence of the facts alleged, the court to whom the motion for a new trial is addressed was clothed with legal authority in his discretion to conclude from the facts established that good cause for the new trial was shown. Strickland v. Baugh, Tex.Civ. App., 169 S.W. 181. This the trial court so concluded after the jury's verdict. This

procedure appears to be recognized in above cited authorities, so as "to avoid trial of the two issues by piece meal." Kilian v. Kilian, Tex.Civ.App., 185 S.W. 2d 611, 613.

The court upon request of a litigant was legally authorized to submit the issues of fact above detailed for a determination by a jury, and from such findings determine if in law a good cause for a new trial was shown. This procedure has been observed in various other types of litigation.

■ This record contains extensive bystanders bills by both movants and United which relate to arguments of counsel. Both have filed motions since the transcript was filed in this court to send up additional bystanders bills and one to have the court reporter's transcript of the argument made by movants' counsel certified and incorporated in the record. The record reflects that United timely tendered to the court bills of exception with respect to this argument, which the court qualified. United excepted to the qualification and refused to accept same. Rule 372, T.R. C.P., provides: "Should the party not agree to such corrections, the judge shall return the bill to him with his refusal indorsed thereon, and shall prepare, sign and file with the clerk such bill of exception as will, in his opinion, present the ruling of the court as it actually occurred."

It is to be observed that above quoted section of Rule 372 provides that the court shall prepare this bill. This was not done. No occasion for filing of bystanders bill arises under Section J, of Rule 372, until the court has complied with the preceding section above quoted. It is our conclusion that we are without legal authority to consider the bystanders bills presented; that we are without any bill of exception which discloses the argument violently complained of in the motion for new trial and in the points presented in United's brief. It is our opinion that United has without fault been deprived of a review of the asserted prejudicial argument of counsel and that justice will be better served by a reversal and remand of this cause.

■ The instant judgment impressed in favor of United a lien against the interests

of each party above mentioned to the extent of the sum of money the respective parties had theretofore accepted and drawn down under the former sale and adjudication. From this and other terms of the decree, it appears that all parties obtained a new trial. Such a decree does not find support in the pleadings. The other parties named by movants as adverse parties neither in person nor by pleading sought to disturb the former judgment. They have accepted the fruits from the former decree. Movant's pleadings are absent any allegation that she prosecuted her attack in behalf of any other person. The overall picture of her contest consisted of her desire and alleged claim to have the acre tract allotted to her as a home and to adjust equities so as to accomplish this purpose.

From above observations it is the conclusion of the court that the former decree and sale has become final as between United and all other parties except movants, and that the interests of all parties except movants have become vested in United. It is readily apparent that with three estates and the diversity of ownership as it existed at the former hearing coupled with the location of the land with its restricted means of ingress and egress, that the relief sought by movants can better and more equitably be accomplished and determined with ownership of the three estates being vested only in movants and United. We are of the opinion under above situation that movants' cause of action can be severed from the original judgment and that the holding in Wiseman v. Cottingham, 107 Tex. 68, 174 S.W. 281, relied upon by movants in support of the decree, is inapplicable because of pleading and absence of a common interest in the relief sought.

Upon another trial, if it be established that movants be entitled to a new trial, grounded on the facts and ownerships that existed at the time of the former trial, that the decree then to be entered upon another trial will be measured by the present ownership under the conclusions above stated. Attention is called to the provisions of Rule 778, T.R.C.P., in the taxing of costs in either of the former proceedings or any subsequent partition proceedings. It is thought that the owners of the property should be chargeable for their pro rata part of the taxes paid by the receiver.

In view of the conclusions above stated, we pretermit a discussion of the other points presented. The judgment is reversed and cause remanded with instructions as above stated.