## MOORE et al. v. UNKNOWN HEIRS OF GILCHRIST et al. (No. 8663.)

(Court of Civil Appeals of Texas. Galveston. April 16, 1925.)

**1. Acknowledgment ⬅═25—Deed ineffectual as conveyance of wife's title, where not separately acknowledged by her.**

A deed executed by husband and wife, attempting to convey wife's interest in land, was ineffectual as a conveyance of her title, where she did not separately acknowledge deed.

**2. Deeds ⬅═38(1)—Deed not void for insufficiency of description, if land can be identified from instrument as whole.**

A deed is not void for insufficiency of description if, from instrument as a whole, data is found from which land can be identified with certainty.

**3. Judgment ⬅═226—Decree awarding title to land not void for insufficiency of description, when it furnishes data enabling land to be certainly identified.**

A decree awarding title to land is not void for insufficiency, when it furnishes data by which land can be certainly identified and located.

**4. Partition ⬅═95—Partition decree held to refer to identical land described in inventory.**

Where partition decrees showed on its face that it was partitioning entire estate of S., and inventory showing property which court partitioned described it as one-quarter league of land lying on Greens bayou in H. county, it being the only one-quarter league of land belonging to estate of S., *held* that partition decree awarding "one-quarter of league of land situated on Greens bayou which belonged to estate of S.," referred to identical land described in inventory.

**5. Deeds ⬅═38(1)—Sufficiency of description in deed determined from recitals as a whole.**

Sufficiency of description of land in deed must be determined from recitals in deed as a whole.

**6. Judgment ⬅═226—Record in proceedings in which judgment rendered may be considered for purpose of identifying land described therein.**

For purpose of identifying land described in judgment, record in proceedings in which judgment was rendered may be considered, and, when description in judgment, aided by pleadings or record, sufficiently identifies land, judgment is not void for insufficiency of description.

**7. Partition ⬅═95—Partition decrees, when read as a whole, together with record of proceedings, held to identify land as that claimed by plaintiffs.**

Partition decrees, awarding lands to plaintiffs' remote grantors, though failing to name state and county in which land was situated, *held* as a whole, read in light of record of proceedings, to show that land disposed of was situated in Harris county, Tex., and was identical land involved in suit in trespass to try title.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action of trespass to try title by W. C. Moore and another against the unknown heirs of Mary Owens Gilchrist and others. From a judgment awarding them an undivided one-half interest in the land in controversy, plaintiffs appeal. Reversed and rendered.

I. S. Handy and Gill, Jones & Tyler, all of Houston, for appellants.

Cole, Cole & O'Connor and R. J. Jones, all of Houston, for appellees.

PLEASANTS, C. J. This is an action of trespass to try title, brought by appellants W. C. Moore and the Texas Company against the unknown heirs of Mary Owens Gilchrist, the unknown heirs of Willie McNabb, and a number of other named defendants, to recover title and possession of several lots or parcels of land on the Edward Shipman survey in Harris county, fully described in the petition. All of the defendant unknown heirs above designated were duly cited by publication, and were represented upon the trial by an attorney appointed by the court. The other defendants appeared and answered. The answer of none of the defendants contained any pleading other than a general demurrer, general denial, and plea of not guilty. In addition to general allegations of title, plaintiffs specially pleaded title by limitation under the 5 and 10 years' statutes of limitation.

The trial in the court below, without a jury, resulted in a judgment in favor of plaintiffs for an undivided one-half interest in the land in controversy, and that they take nothing against defendants as to the remaining one-half of the land. The evidence shows that the land in controversy is a part of a one-quarter of a league on Greens bayou in Harris county, granted by the state of Cohuila and Texas to Edward Shipman.

---

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In a partition proceeding in the probate court for Ft. Bend county, had in 1840, and to which all the heirs of Edward Shipman were parties there was set aside to John Owens, surviving parent and guardian of the minor heirs of Christina Owens, deceased, one of the heirs of Edward Shipman, a tract of land described as "one-quarter of a league of land on Greens bayou which belonged to the estate of Edward Shipman, deceased." The inventory of the estate of Edward Shipman, theretofore filed in the same court, showed the following only:

"One-quarter league of land containing 1,111 acres lying on Greens bayou in the county of Harrisburg, about 16 miles from the city of Houston. One-half of one-third league of land containing 740½ acres lying on the Brazos river, about 20 miles below Richmond, being part of one-third league granted Thomas Burnett. One certificate for three-fourths of a league, and one labor unlocated."

This partition decree shows that the certificate for three-fourths of a league and one labor of land, issued to the administrator of the estate of Edward Shipman, was awarded to John M. Shipman. The only other tract inventoried as a part of the estate of Edward Shipman, besides the land in controversy, was an undivided one-half interest in one-third of the league on Brazos river, which was awarded to James R. and Moses G. Shipman. This tract was recited in the inventory to be on the Brazos river, and in the partition to be below and adjoining the league granted to Moses Shipman, which Moses Shipman league was recited in the same decree to be on the Brazos river. The heirs of Christina Owens, to whom this quarter league of land was awarded by this partition judgment, were Daniel, Mary, and Elizabeth Owens. Daniel died in infancy, and his sisters, Mary and Elizabeth, inherited his interest in the land. Mary married J. G. Gilchrist, and Elizabeth married J. P. Magee.

[1] By deed of date April 5, 1859, Mary Gilchrist, joined by her husband, J. G. Gilchrist, conveyed to J. P. Magee here one-half interest in the "E. Shipman tract of land on the east side of Greens bayou, containing in all 957½ acres." This deed further describes the land as "lying and being situated in Harris county." There is no separate acknowledgment of Mrs. Gilchrist of this deed, and it was therefore ineffectual as a conveyance of her title. Thereafter J. P. Magee and his wife resided on and claimed the entire one-quarter league; several portions of which they inclosed and cultivated for more than .10 consecutive years.

Elizabeth Magee died prior to 1907, leaving a number of children and grandchildren. In a suit for partition of her estate between her heirs and her surviving husband, J. P. Magee, the district court of Harris county rendered a decree in January, 1907, setting aside and awarding to J. P. Magee a tract of land described as "tract No. 13 of the partition consisting of 1,006 acres of land out of the Shipman survey." The field notes of tract No. 13 given in the decree describe the Edward Shipman survey in Harris county, of which the land in controversy is a part, and except therefrom a tract of 7½ acres described in the decree by metes and bounds. A certified copy of this decree was promptly recorded in the deed records of Harris county.

We here copy from appellants' brief the following statement of the evidence identifying the land described in this decree as the Edward Shipman one-quarter league in Harris county:

"Tract No. 13 in the commissioners' report, shows the size and shape of the survey, the number of acres it contained and the fact that it was situated on Greens bayou. The plat attached to the decree shows that the land awarded was the Edward Shipman survey, and was situated on the east side of a bayou (which the field notes of the decree calls Greens bayou), and that its southwest corner was directly east and across the bayou from the southeast corner of the Thomas Earl survey. The plat further shows that the bayou on the west side of the land so awarded, was crossed by a road marked 'Houston and Wallisville county road,' running east and west across the land, and that there was a ferry across the bayou at this point. The plat further shows that the land in question was bounded on the west by the James Gordon and Thomas Earl survey and on the east by the James Erwin and Samuel C. Hiroms survey, and is itself marked 'Edw. Shipman,' and that the meanders of the bayou were identical with the meanders of the bayou west of the land in controversy. The commissioners further recited that they were awarding to J. P. Magee, Sr., all the land in 'the Shipman one-fourth league.'

"Other evidence in the record aiding this description is as follows: The original grant shows that the land in controversy was a quarter of a league of land and was an Austin Colony grant to Edward Shipman as a single man, under the colonization law of March 24, 1825, and hence shows that Edward Shipman was not entitled to any other grant of this approximate acreage in Texas. The original grant further shows the field notes of the land, and that its size, shape, and location, was approximately the same as that awarded by the partition decree in question. It shows that the land in controversy was situated on the east side of Greens bayou; that its southwest corner was across the bayou, directly east from the southeast corner of the Thomas Earl grant, just as does the partition decree; that from this beginning point it ran in the same courses and at approximately the same distances as the land awarded by the partition decree. There is no evidence that there was any other Edward Shipman survey in the state of Texas, and there is affirmative evidence that there is no other Edward Shipman survey in Harris county, Tex. The Edward Shipman one-quarter league in Harris county, Tex., only contains 1,015 acres, the approximate acreage shown by the partition decree.

"The evidence shows that the parties to this partition decree claimed to own the Edward Shipman survey in Harris county, Tex., and there is no evidence that they ever claimed to own any other Edward Shipman survey anywhere else, or attempted to partition any other Shipman survey than the Edward Shipman survey in Harris county, Tex. The decree shows that the court was partitioning all the lands of Elizabeth Magee, and describes all the lands partitioned, and hence constitutes affirmative evidence that she did not own any other Shipman survey. It is further shown that these people were heirs of the original Edward Shipman, the colonist to whom this grant was made. The evidence further shows that Mrs. Magee, whose estate was being partitioned, had lived on this particular Edward Shipman survey for many years, and that most of her children were born there. The original grant locates the land only by reference to its beginning point on Greens bayou opposite the southeast corner of the Thomas Earl labor. The evidence further shows that the land in controversy is situated about 8 miles east of Houston; that travelers coming to Houston from beyond Greens bayou crossed the ferry on the land in controversy on the road leading to Houston. The map of the land, by reference to which the land is described in plaintiff's original petition and by reference to which the land in controversy is described in all the subsequent conveyances, showed a road crossing this survey east and west marked 'Wallisville county road.'"

Appellants, through and under conveyances of J. P. Magee, hold all of his title to the land in controversy, and also hold through conveyances from and under the heirs of Elizabeth Magee all of her title except a small interest, which, if the partition decree should be held invalid, is outstanding in one of her heirs. None of the defendants connect with this outstanding title, and none of them show any kind of title to the land.

Upon these facts, the trial court found that J. P. Magee acquired title by limitation to the Mary Gilchrist one-half interest in the land and rendered judgment in favor of plaintiffs for that interest, but denied them a judgment for the Elizabeth Magee interest, upon the theory that the partition decree, before referred to, did not describe the land awarded appellants' remote grantors with sufficient certainty to identify it.

The holding on the question of limitation was not appealed from, and appellants' title by limitation to the Mary Gilchrist half interest in the land is not involved in this appeal.

[2-4] We agree with appellants that there is no such patent ambiguity in the description of the land in either of the decrees as to render it void as a muniment of title. A deed is not void for insufficiency of description, if, from the instrument as a whole, data is found from which the land can be identified with certainty, and a decree of court adjudging or awarding title to land will not be held void for insufficiency of description when it furnishes data by which the land can be certainly identified and located. The decree in the partition proceedings in Ft. Bend county shows upon its face that the court rendering the decree was partitioning between all the heirs of Edward Shipman, deceased, the entire estate of Shipman over which the jurisdiction of the court had attached by administration proceeding then pending in the court. The inventory filed in this administration, showing the property which the court thereafter partitioned in accordance with an agreement, signed by all of the heirs, describes as property of the estate a one-quarter league of land lying on Greens bayou in Harrisburg (now Harris) county. This is the only one-quarter league of land shown on the inventory of the property belonging to the estate of Edward Shipman, and, when the decree partitioning the entire estate awarded to John Owens, as guardian of the minor heirs of Christina Owens, "one-quarter of a league of land situated on Greens bayou which belonged to the estate of Edward Shipman, deceased," there is no reason for doubt that the quarter of a league described in the decree was the identical land described in the inventory.

[5, 6] The question of the sufficiency of the description of land in a deed must be determined from the recitals in the deed as a whole. This is also true of the description of land in a judgment, and, for the purpose of identifying land described in a judgment, the record in the proceedings in which the judgment was rendered may be considered, and, when the description in the judgment, aided by the pleadings or the other record in the case, sufficiently identifies the land, the judgment is not void for insufficiency of description.

[7] The only question raised by appellees as to the sufficiency of the description in these decrees is based upon the failure to name the state and county in which the land is situated. While neither the state nor county is named in describing the land, we think the facts shown by the decrees as a whole, read in the light of the record of the proceedings in which they were rendered, conclusively establish that the "one-quarter league of land on Greens bayou which belonged to the estate of Edward Shipman, deceased," disposed of by said decrees, was situated in Harris county, Tex., and is the identical land involved in this suit. Bond v. Garrison, 59 Tex. Civ. App. 620, 127 S. W. 839; Miller v. Hodges (Tex. Com. App.) 260 S. W. 170; Frazier v. Lambert, 53 Tex. Civ. App. 506, 115 S. W. 1174; Langham v. Gray (Tex. Civ. App.) 227 S. W. 741.

The trial court erred in not adjudging plaintiffs entitled to recover all of the land for which they sued.

It follows that the judgment should be re-

versed, and judgment here rendered for appellants for all of the land, and it has been so ordered.

Reversed and rendered.