## Nellie C. Gamble et al v. Dorothy Banneyer, Executrix.

No. 7608.   Decided May 7, 1941.
Rehearing overruled June 4, 1941.
(151 S. W., 2d Series, 586.)

*A. G. McNeese, Jr., J. E. Price, A. R. Rucks,* and *Robt. M. Lyles,* all of Houston, for plaintiffs in error.

Inasmuch as the judgment did not dispose of all the issues made by the pleadings in said cause, the same was not a final judgment and would not support an order of sale nor a sale thereunder, and such order of sale and the sale being without authority of law, were mere nullities and ineffectual to divest plaintiffs as disclosed by the evidence, and plaintiffs having shown good title to the land involved, unimpaired by the order of sale and the sale they were entitled as a matter of law, to judgment for title and possession thereof. Holmes v. Klein, 59 S. W. (2d) 171; Blanton v. Mayes, 72 Texas 417, 10 S. W. 452; Ledyard v. Brown, 39 Texas 402.

*Jones, Jones & McCollough,* of Houston, for defendant in error.

The tax judgment in controversy being in all things regular, the trial court and the Court of Civil Appeals herein correctly held that said tax judgment in view of its recitals in its entirety was final and valid, especially as against collateral attack. Fitzgerald v. Evans, 53 Texas 461; McKenzie v. Withers, 206 S. W. 503, 25 Tex. Jur., 459.

*Carlos B. Masterson,* of Angleton, filed brief as amicus curiae.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This is a trespass to try title case in which plaintiffs Mrs. Nellie Gamble and her two children filed suit against Mrs. Dorothy Banneyer, independent executrix of the will and estate of William Banneyer, her deceased husband, to recover 190 acres of land in Brazoria county.

Plaintiffs, anticipating defenses, alleged that Mrs. Banneyer claimed title through a judgment rendered in favor of the State against Mrs. Gamble, the owner, and Alex Sharp, the lien holder, foreclosing the State's lien for taxes, and sought an adjudication that the judgment is void and incapable of supporting a sale of the land to defendant's deceased husband.

At the conclusion of the evidence both sides moved for a verdict. The court overruled plaintiffs' motion and upon an instructed verdict rendered judgment in favor of defendant. The Court of Civil Appeals affirmed the judgment in an opinion, which see for a statement of the case. 127 S. W. (2d) 955.

The following facts are added to those stated by the Court of Civil Appeals: The date of the tax judgment is July 19, 1930. It recites, in addition to the recitations appearing in the opinion of the Court of Civil Appeals, that the years for which the taxes against the 190 acres involved were delinquent are 1913 to 1928 inclusive (15 years) and that the total of the taxes, interest, penalties and costs for those years is $1816.52. The year 1913 is the year of the purshase of the land by Mrs. Gamble's husband from Alex Sharp.

The present suit was filed about seven years after the date of the tax judgment. G. A. Gamble, a real estate dealer and brother-in-law of plaintiff, Mrs. Gamble, was the only witness offered by the plaintiffs. He testified he knew of his brother's purchasing the land from Sharp, and that while he did not remember the exact terms of the purchase he recalled his brother paid nearly half cash for the land and executed vendor's lien notes for the balance; that after his brother's death in 1918 he had undertaken "in an advisory way" to handle some matters for Mrs. Gamble; that he knew when the tax suit was filed and when Mrs. Gamble was served with citation; that she told him it was the 190 acres of land in Brazoria County that was referred to in the citation; that he also knew "the land had never been paid for to Alex A. Sharp"; that he discussed the tax suit with Mrs. Gamble; that on his own volition he went to Angleton and tried to get the taxes (about $1800.00) reduced but failed; that she did not have the money to pay the taxes and when he failed to get them reduced he did not advise her what to do about it; that both he and she knew the taxes had not been paid; that he tried to get the lien holder to pay the taxes and charge it against the lien; that he did not know Sharp was a party to the tax suit, and at no time discussed the matter of the notes with him and had no correspondence with him about them; that he did not think they had been paid; that Mrs. Gamble did not have the money to pay the taxes or do anything about it; that no one did anything about it except what he did in the matter of trying to get the taxes reduced.

Writ of error was granted upon application of plaintiffs upon an inclination to the view that the tax judgment was void because it failed to dispose of the issue of the personal liability of defendants for the taxes raised by the pleadings.

Upon fully considering the record we have concluded the affirmance by the Court of Civil Appeals of the trial court's judgment in favor of defendant is correct and we approve the holdings made in reaching that result. We take occasion, however, to make specific application of the concluding general alternative statement of the opinion that the judgment in the tax suit "either expressly or by necessary implication" ascertained the facts appropriate to the proceeding and pronounced the legal consequences thereof.

1  The judgment shows on its face that it does not expressly dispose of the issue of personal liability of defendants for the taxes, but it appears therefrom, considering all of its recitations and viewing them as a whole, that the judgment does dispose of that issue by necessary implication, and is therefore final. Trammell v. Rosen, 106 Texas 132, 157 S. W. 1161. De Zavala et al v. Scanlan et al (Com. App.), 65 S. W. (2d) 489. The holding in the case first cited was recently approved and restated by this Court to the effect that it is not essential to the finality of a judgment that it "in express terms specifically dispose of each issue," saying further in this connection that the fact the judgment does dispose of a particular issue "may be inferred from other provisions thereof, provided such inference follows as a necessary implication." Davis v. McCray Refrigerator Sales Corp., 136 Texas 296, 150 S. W. (2d) 377, 9 T. S. C. R. 298.

2  The owner, Mrs. Gamble, and the lien holder, Alex Sharp, were the only defendants in the tax suit. It was agreed upon the trial of the present case to try title that Sharp is the common source. The recitations of the tax judgment disclose that he was before the court in that case by an answer filed by his attorney and that Mrs. Gamble, though duly cited, wholly made default. The judgment recites that the law and facts are with plaintiff, adjudges the exact amount of the liquidated tax indebtedness due the State for fifteen consecutive years (1913 to 1928 inclusive) upon the 190 acres of land involved, decrees the indebtedness constituted a lien upon it and forecloses same against both defendants, naming them. No person is named in the judgment who could owe the taxes other than the owner of the land and lien holder. The judgment further decrees that

"upon failure of any or all of the parties." to pay said judgment, an order of sale should issue, etc. The legal consequences of the facts are thus judicially pronounced, from which it appears that both or either of the defendants could obviate the penalty of foreclosure by payment of the amount of taxes (inferably owing by the land owner and/or the lien holder) ascertained to be due the State. Regardless of whatever else may be true of the judgment it discloses on its face that no personal judgment was rendered against either defendant. It follows *by necessary implication that the trial court did not deem it essential to a foreclosure of the tax lien that a personal judgment be pronounced and that he declined to make such adjudication.* Whether this conclusion reached was erroneous we do not find it necessary to decide. Our tax statutes do not make it a prerequisite to a foreclosure of the State's lien that the judgment declare which defendant, or that any particular defendant, in a suit for the State's taxes is personally liable therefor. It is sufficient *so far as finality of the judgment in the tax suit here involved is concerned,* that the trial court clearly fixed the amount of the taxes, etc., due upon the land for the years delinquent and foreclosed the lien as prayed. Since the court had jurisdiction of both the subject matter and the parties and properly foreclosed the lien, the judgment was final and appealable.

3   Plaintiffs in the present suit were entitled to recover the land only in the event the tax judgment was void. They so recognized by seeking, without an appeal from the judgment, to avoid its effect seven years after it was rendered and more than five years after defendant's husband bought the land. Neither reformation nor modification of the judgment was sought. The record discloses that the attack was purely collateral.

4   It is settled in this State that "the decree of the district court entered in suits to foreclose tax liens are supported by all the presumptions which uphold judgments of domestic courts of general jurisdiction * * * and that the remedy" is to throw around the owner's right and title "every safeguard furnished by due and orderly judicial precedure," and to put "the tax sale in consummation of a valid judicial foreclosure on the same plane, with respect to collateral attack, as other execution sales." State Mtg. Corp. v. Ludwig, 121 Texas 268, 48 S. W. (2d) 950.

The judgment of the Court of Civil Appeals affirming that of the trial court is affirmed.

Opinion adopted by the Supreme Court May 7, 1941.

Rehearing overruled June 14, 1941.