

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. 5172
Re: Validity of the judgment taken
in the case of the State of Texas
v. H. J. Porter et al., Cause
No. 5784, District Court, Jackson
County, Texas.

      We are in receipt of your letter, together
with the instruments enclosed therewith, as well as other papers
sent to us by the Hon. Cullen B. Vance, County Attorney, Jackson
County, Texas, in which you request an opinion of this depart-
ment as to the validity of the judgment taken in the above
styled cause. The judgment which is the subject of this inquiry
was taken on Oct. 24, 1942; it therefore has become final and
may not be appealed from. The judgment will be considered there-
fore as if a collateral attack was made upon it.

      We quote excerpts from the judgment under
consideration as follows:

      "A jury trial was waived and all matters in
issue in this case, as well of facts as of law, were
submitted to the Court for determination.

      "Thereupon, and in open Court, the parties
hereto announced to the Court, by and through their
attorneys of record herein, that an agreement of settle-
ment had been made of all controverted issues involved
herein, such agreement, however, being subject to this
Court's approval, said agreement of settlement having
been entered into by the Commissioners Court of Jackson
County, Texas, acting for and in behalf of plaintiff,
and the individual defendants acting in their own proper
behalf.

"That by the terms of said agreement to settle this suit, the plaintiff shall have and recover of the defendants, jointly and severally, the sum of Sixteen Hundred Nine and 38/100 Dollars ($1609.38), together with six per cent (6%) interest per annum thereon from this date until paid, in full satisfaction of its asserted claim against all of the defendants in this cause, as set out more fully in its petition.

"That plaintiff has a lien securing the above amount of this judgment which shall be foreclosed by judgment of this Court on the properties described in plaintiff's petition.

"The Court heard all pleadings filed in this case read and duly considered same. The Court then heard and considered a stipulation filed as a record paper and as evidence in this case and other evidence offered, as well as argument of counsel, and finds that up to the time of the making of the agreement to settle the disputed matter in this cause, there existed a real controversial issue between the plaintiff and these defendants as to the issue of whether the plaintiff was entitled to recover of and from the defendants the amount of its asserted claim involved in this law suit, which consisted of a claim for delinquent tax due for the years 1940 and 1941, together with interest and penalties thereon, as well as costs thereby accrued. That the defendants' denial of plaintiff's right to recover the amount claimed due it by defendants had a substantial support therefor as against any amount in excess of Sixteen Hundred Nine and 38/100 Dollars ($1609.38).

"The Court, therefore, finds the agreement so made by and between the parties hereto, through the Commissioners Court of Jackson County, Texas, and the various defendants is and was a fair equitable and reasonable settlement as to the amount actually due by these defendants for delinquent tax for the years 1940 and 1941, on the properties involved in this cause, and such agreement is now made the basis of this Court's judgment in favor of plaintiff as against these defendants.

"It is, therefore, ORDERED, ADJUDGED AND
DECREED by the Court that the State of Texas do have
and recover of the defendants H. J. Porter, Crown
Central Petroleum Corporation and the Republic National
Bank, jointly and severally, the sum of Sixteen Hundred
Nine and 38/100 Dollars ($1609.38), together with six
per cent (6%) interest per annum thereon till paid."

On the facts presented to us, and as an
original proposition we would be inclined to hold the judgment
entered in this case void since it is obviously the result of
a compromise agreement between the County Attorney, the Commis-
sioners Court and the defendants. The Commissioners Court has
no power to release or extinguish tax liability in the situation
presented here. Constitution, Article III, Section 56; Consti-
tution, Article VIII, Section 1.

Also, Article 340, V. A. C. S., declares
that:

"No admissions made by the district or county
attorney in any suit or action in which the State is a
party shall operate to prejudice the rights of the State."

We feel bound, however, to follow the case of
McClesky v. State, 4 C. A. 322, 23 S. W. 518, which held an agreed
judgment entered into by a district attorney as a representative
of the State good against collateral attack. In order to profit-
ably compare the two judgments we quote from the judgment con-
strued by the Court of Civil Appeals in the McClesky case, which
reads as follows:

"'This day came on to be heard the above-
entitled cause, when came the plaintiff by attorney, and
the defendants also appeared by attorney, and announced
ready for trial, when the following agreement, in writing,
was submitted to the court: "State of Texas ex rel. vs.
H. C. Fuller et al. To the district attorney, J. J.
Ofiel, and attorneys for relators, Carrigan and Hughes
and J. P. Boyd: We, the undersigned relators in the
above-named suit, hereby authorize and request you to
withdraw our information in said cause, and authorize
the defendants to take judgment, as we are satisfied
with the present existing corporation of which defendants
are officers, and have no desire to prosecute said suit.
A. D. Lightsey, B. G. Vick, A. C. Bragg, R. R. Martin,
Relators in the Above-Named Suit." And the court,

Hon. Geo. H. Sheppard, page 4

having inspected the same, and the district attorney representing the state of Texas raising no objection thereto, proceeds to render judgment in accordance therewith. It is therefore ordered, adjudged and decreed by the court that the relief sought by plaintiff in this suit, to wit, a dissolution of the incorporation of the town of Iowa Park, Texas, be, and hereby is, refused, and that said plaintiff take nothing by this suit. It is further ordered that the defendants, H. C. Fuller, mayor, W. G. Cottrell, marshal, and R. S. Simms, C. W. Orr, W. Gibson, George Ligon, and E. A. McCleskey, as aldermen of said town of Iowa Park, Texas, and their successors in office, go hence without restraint on their rights to act as officers of said town under the proceedings had to incorporate the same, and that they and their successors are hereby decreed to be legally in possession of said offices under the election and other proceedings for incorporation complained of in plaintiff's information. It is further adjudged and decreed by the court that the costs of this court be taxed against defendants, and that the officers of court have their execution.'
. . ."

The instant judgment presents a much stronger case for immunity from collateral attack than does the judgment in the McClesky case insofar as the agreement feature is concerned. Note that the judgment under consideration here recites that the court heard other evidence besides the stipulation, and the agreement is merely made the basis of the court's decree after it had heard all the evidence. In other words, on the basis of the evidence, the court independently comes to the same conclusion reached by the litigants and the agreement is not adopted in toto as the judgment of the court.

Although it is quite plain that the trial court did follow the void agreement, it nevertheless had jurisdiction of the controversy. Therefore, since the State submitted itself to the jurisdiction of the district court, it cast off its sovereign robes and came in as would an individual litigant, and is now bound by the judgment rendered as an individual litigant would be. Railroad Commission of Texas v. Arkansas Fuel Oil Co., 148 S. W. (2d) 895, writ of error refused.

Hon. Geo. H. Sheppard, page 5

We next take up the question of whether the district court had jurisdiction to decree the type of relief which was granted. The rules relative to the jurisdiction of the district court in the type of suit under consideration are set forth in State v. Richardson (Comm. App.) 84 S. W. (2d) 1076, and we quote a portion of that decision as follows:

"The real question for decision here is this, Was the district court in this proceeding authorized to revalue and reassess the property on the findings made by the jury and award judgment for taxes with interest on account of delinquency? It is our opinion that in event of a void assessment the district court has no jurisdiction or power to revalue and reassess property and render judgment for taxes based on such revaluation and reassessment. The jurisdiction of the tax assessor and board of equalization is unquestionably exclusive. State v. Chicago, R. I., etc., R. Co. (Tex. Com. App.) 263 S. W. 249. In the event there be a valuation by the board of equalization not wholly void, and the matter of discrimination may be corrected by reducing the valuation according to some mathematical formula, and not by substituting the discretion of a court or jury for the discretion of the board of equalization, a court of equity may make an equitable adjustment of the values and taxes. Lively v. Missouri, etc., R. Co., 102 Tex. 545, 120 S. W. 852." (Emphasis supplied)

It is not apparent from the record that the assessments made against the property involved here were void, so we assume that the situation presented in the trial court was one of over-assessment, bringing the cause within the exception noted in State v. Richardson, supra. This exception allows a district court to reduce the assessment if it be not wholly void and if the matter of discrimination may be corrected by reducing the valuation according to some mathematical formula. We have been furnished certified copies of the proceedings in this cause but there is no pleading to support the proposition that the valuation placed on the property involved herein was double, or 10%, or any percentage higher than surrounding property of the same grade. However, the record does not affirmatively show that such was not the case, and it does not affirmatively show that the trial court merely substituted its discretion for the discretion of the board of equalization.

Tax judgments are protected from collateral attack by the same rules of law governing collateral attack on other judgments of domestic courts of general jurisdiction. Gamble v. Banneyer, 137 Tex. 7, 151 S. W. (2d) 586; Corbett v. State, 153 S. W. (2d) 664, writ of error refused. The courts of this State have established the general rule that in order for a judgment to be collaterally attacked successfully, the record must affirmatively show on its face a lack of jurisdiction. Since the record presented here does not affirmatively show that the valuation was not reduced according to some mathematical formula, we must presume that the trial court pursued this method.

We consider next the point raised as to whether the judgment properly described the land involved herein, since it merely described the land as "property described in plaintiff's petition." The reference constituted a legal description provided the petition sufficiently described the land. Martin v. Teal, 29 S. W. 691; Warne v. Bank, 239 S. W. 277; Moore v. Unknown Heirs of Gilchrist, 273 S. W. 308. The petition in describing the land makes reference to other instruments in the chain of title, thus incorporating the description used in such other instruments. Scheller v. Groesbeck, 231 S. W. 1092 (Comm. App.); Klein v. Humble Oil & Refining Co., 67 S. W. (2d) 911, affirmed, 126 Tex. 450, 86 S. W. (2d) 1077. We understand the point raised to relate to the method of description rather than to whether or not the land was validly and actually described. It is our opinion that the method used is valid, but we do not pass upon whether or not the land was actually described, as we are not in possession of copies of the instruments referred to in the petition.

We note that the judgment provides for the taxing of costs of court against the State. This portion is void. Article 7333, V. A. C. S.; Grant v. Ellis, 50 S. W. (2d) 1093 (Comm. App.), and none of the taxing units involved should pay any part of the costs of court.

You are advised therefore that the judgment in the case under consideration here is not subject to collateral attack, aside from the provision as to court costs, and the Comptroller of Public Accounts should issue a redemption receipt in conformity therewith.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Woodrow Edwards
Assistant

APPROVED MAY 3, 1943

ATTORNEY GENERAL OF TEXAS
WE:ALM