**HENDRICKS et al. v. CITY OF SHERMAN et al.**

No. 15035.

Court of Civil Appeals of Texas.
Fort Worth.
April 15, 1949.

Rehearing Denied May 13, 1949.

Olan R. Van Zandt, of Sherman, for appellant.

Freels & Elliott and J. S. Freels, all of Sherman, for appellee Marie Hendricks.

Murray Nance, Jr., of Sherman, for appellee City of Sherman.

R. M. Carter, of Sherman, for appellee State of Texas and County of Grayson.

McDONALD, Chief Justice.

At the material times herein a parcel of real estate in the City of Sherman was owned in undivided interests as follows: Carolyn Hendricks, a widow, eight-sixteenths, N. R. Hendricks, Jr., one-sixteenth, and Marie Hendricks, seven-sixteenths. Prior to October 20, 1944, the City of Sherman filed suit against the parties for taxes and sought a foreclosure of the tax

lien on said land, and the State of Texas and County of Grayson intervened seeking recovery for the taxes due them. On the date mentioned in 1944 judgment was rendered against all of said parties for taxes, penalties and interest in the total sum of $2698.92, and the tax lien was ordered foreclosed. Order of sale followed, and the City of Sherman bought the property in on February 6, 1945. On February 8, 1947, the City executed a special warranty deed purporting to convey the property to Marie Hendricks. In consideration therefor Marie Hendricks paid to the City and the other taxing units a total of about $3300, representing the taxes, penalties and interest for the years included in the tax suit and for three years thereafter.

Carolyn Hendricks and N. R. Hendricks, Jr., brought the present suit in the same court in which the tax judgment was rendered, seeking to set it aside, and to have their title quieted as to the eight-sixteenths and one-sixteenth interests respectively claimed by them in said property. The basis for their attack on the tax judgment was the fact that it was rendered prior to the time plaintiffs were ordered to appear by the citation served on them. Marie Hendricks waived service prior to judgment, and the tax judgment was valid as to her.

The City of Sherman and the other tax units, and Marie Hendricks were named as defendants, but the only issues on appeal are those between plaintiffs and Marie Hendricks.

Judgment was rendered in the present suit declaring the tax judgment, and the sale thereunder, void as to all parties. Marie Hendricks sought reimbursement from plaintiffs for nine-sixteenths of the sums she had paid to the City of Sherman and to the other taxing units, but was denied a recovery as to part of her claim. Since she does not assign error with respect thereto in this court, discussion of such matter is not required. Appellee Marie Hendricks has filed remittiturs relating to a portion of the recovery allowed her, attacked in appellants' eighth and ninth points of error. Those points of error are therefore sustained without discussion or effort to decide the merits of said points,

and the judgment of the trial court will be reformed accordingly.

It was adjudged that the parties owned the property in the respective proportions which they claimed to own prior to the tax judgment, and no complaint is made of the judgment in this respect either by appellants or by appellee. Appellants do complain of the recovery allowed appellee, against appellants, for proportionate reimbursement of the amounts paid by appellee.

Under the first point of error appellants argue that the tax judgment should have been declared invalid and set aside only as to them, and not as to Marie Hendricks. They argue that appellee Marie Hendricks alleged in her pleadings that the tax judgment and the sale thereunder were valid in all respects, and that the judgment entered in the present suit did not conform to the pleadings. In the first place, we do not see that acceptance of appellants' theory would control the outcome of the case, for reasons suggested later in the opinion. As for the pleadings, Marie Hendricks alleged by way of alternative plea that she was entitled to reimbursement from appellants for their respective shares of the tax obligations discharged by appellee, and it seems to us that the pleadings are sufficient to support the judgment. Under the particular facts of this case, it also seems to us that the trial court acted properly in setting aside the tax judgment as to all parties, rather than as to appellants only. We consider that such cases as Hulme v. Janes, Adm'r, 6 Tex. 242, 55 Am.Dec. 774; Long & Berry v. Garnett, 45 Tex. 400; and Wiseman v. Cottingham, 107 Tex. 68, 174 S.W. 281, support our holding.

Under the second point of error appellants complain of findings of fact by the trial court to the effect that appellants had actual notice of the order of sale issued under the tax judgment, and of the payments by appellee to the City, County and State. As we see it, this contention is not controlling in the disposition of the appeal. The trial court held that the tax judgment and sale thereunder were invalid, and he adjudged that they be set aside. He did not uphold them, nor did he ad-

judge a recovery to appellee of a proportionate portion of the taxes paid by her, on the basis that appellants were estopped or otherwise precluded from attacking the tax judgment and sale thereunder.

The heart of the controversy between appellants and appellees is reached in the argument under the third point, in which they contend that the trial court should not have concluded as a matter of law that the act of appellee in paying the tax indebtedness· at the time she purchased from the City of Sherman was in effect a redemption of the property for the benefit of herself and appellants. Appellants especially rely on the state of the pleadings in advancing this argument. They say that appellee in her pleadings asserted that the tax judgment and sale thereunder were valid, and that she obtained the full fee title to the property from the City of Sherman. Appellants argue that the judgment was valid as to appellee, and that the tax liens merged into the tax judgment.

■ As we have already said, appellee's alternative pleadings supported the judgment for reimbursement. As to the matter of merger of the tax liens into the tax judgment, there could have been, under appellants own theories, a merger only as to the lien against appellee's interest. We are unable to see how the lien against appellants' interests could have merged into the tax judgment if that judgment was invalid.

Appellants say that appellee paid the taxes under a claim of ownership of the entire property, and not as the owner of a part interest only, and that she should therefore be cast into the position of a volunteer without right of reimbursement.

■ The judgment in the tax suit recited valid service of process. Under familiar rules the judgment was not one that the law treats as void, and subject to collateral attack, but voidable only, after the term, in a suit brought for the purpose of setting the judgment aside. Crawford v. McDonald, 88 Tex. 626, 632, 33 S.W. 325, 328; Levy v. Roper, 113 Tex. 356, 256 S.W. 251; Gamble v. Banneyer, 137 Tex. 7, 151 S.W.2d 586. Such a suit is equitable in its nature, and is governed by the rules and maxims of equity, including that which requires the plaintiff in the suit to set aside the former judgment to offer to do equity. 25 Tex.Jur. 631. It seems plain to us that one who seeks to set aside a tax judgment which is regular on its face, as against one who has purchased the property at the tax sale or from another who purchased at the tax · sale, should offer to do equity by way of paying his proportionate share of the taxes which have been paid by the purchaser of the property, and we can find no error in the judgment of the trial court which set aside the tax judgment and sale thereunder but required that the plaintiffs in the equitable proceeding do equity by paying their share of the taxes which had accrued. To hold otherwise would be to allow the plaintiffs, appellants here, the benefits of the equitable rule which permits under· certain conditions a judgment regular on its face to be set aside, but at the same time not to require that they who˙ seek equity must offer to do equity. Appellants' theories put them into this dilemma: Unless they can set aside the tax judgment they must suffer loss of the property, subject to the rules of law and equity mentioned in the recent case, decided by this court, of Reynolds v. Batchelor, Tex.Civ.App., 216 S.W.2d 663, writ ref. w. m., to the one who purchased it from the City of Sherman. The tax judgment having recited due service, it could be set aside only in a direct attack, equitable in its nature. If they do not offer to do equity, in the form of reimbursement to the purchaser who by payment of money satisfied the tax claims as to all interests in the property, they find themselves in the attitude of seeking to employ the extraordinary remedies of a court of equity to achieve the final result of an escape from payment of taxes for many years. The rules of equity will not permit such a result to be achieved.

We do not believe that our views are in conflict with such cases as Burkhardt v. Lieberman, 138 Tex. 409, 159 S.W.2d 847, which declare that one holding the land under a void tax deed is not subrogated to the lien nor is he entitled to a personal judgment for taxes paid by him, because he is a mere trespasser. Appellee,

under any theory, was the owner of seven-sixteenths interest after her purchase from the City, and as the owner of such undivided interest ought to be reimbursed after paying the taxes on the whole property.

██ Under points four to seven appellants further argue the theory that appellee became a volunteer when she paid the taxes in an effort to obtain entire title to the property, and thus was not entitled to reimbursement. The points are overruled in view of what has already been said in the opinion.

The judgment of the trial court is reformed by deducting from the recovery allowed appellee against appellants nine-sixteenths of the court costs paid by appellee in the tax suit and nine-sixteenths of the school taxes for the years 1929 to 1936, both years inclusive, and as so reformed the judgment is affirmed.

██ One-half the costs of appeal are assessed against appellants, jointly and severally, and one-half against appellee.