THOMAS EARLEY AND ANOTHER v. JOHN H. STERRETT.

An error in matter of description in a deed, causing a latent ambiguity, may be corrected by parol proof.

Where the vendor gives his bond for title, or other agreement in writing to convey land, the Statute of Limitations does not commence to run, until there is some act on his part indicative of an intention to hold adversely to the vendee or those claiming under him.

See this case as to the necessity of proving consideration, in a suit for specific performance, on a bond for title which does not state or acknowledge any consideration.

XVIII        8

Appeal from Washington. Tried below before the Hon. R. E. B. Baylor.

Suit by appellee against appellants, commenced April 8th, 1840, for a specific performance of a bond for title, as follows :

REPUBLIC OF TEXAS, } Know all men by these pres-
County of Washington. } ents that we, Thomas Early and —————— of the county of Washington, are held and firmly bound unto John N. Wilson, of the said county in the penal sum of one thousand dollars, good and lawful money of the Republic of Texas, to be paid to the said John N. Wilson, his heirs, attorneys, executors, administrators or assigns ; to which payment, well and truly to be made, we bind ourselves, our heirs, executors, administrators, each and every one of them, firmly by these presents, sealed with our seals, and dated this 20th day of April, A.D., one thousand eight hundred and forty.

The condition of the above obligation is such, that if the said Thomas Early, on or before the 30th day of September next ensuing the date hereof, or in case of his death, his execu-tors or administrators, shall and do, upon reasonable request and at the proper charges and cost in law of the said Thomas Early, his heirs, executors, or administrators, make execute and acknowledge all and every such act or acts, deed or deeds, conveyance or conveyances, whatsoever, which shall be needful or necessary for conveying, assuring, establishing and confirm-ing unto the said John N. Wilson, his heirs and assigns, a good, pure, absolute and indefeasible estate of inheritance in fee simple, clear of all incumbrances, of and in a certain tract or parcel of land, containing two hundred acres, which said tract, or parcel of land is a portion of his inheritance from his father's (M. Early's) estate, and known in the partition of said estate (as per record) as lot No. 1, with all the appurtenances thereunto belonging, then the above obligation to be void, or else to be and remain in full force and virtue.

The petition alleged that Wilson paid Early a valuable

consideration for said bond. The bond was recorded April 22, 1840. Early afterwards, April 13th, 1847, sold the whole of said lot No. 1 to Thomas S. Henderson, and gave him a bond with surety to indemnify him against the bond to Wilson. Henderson was made a defendant. The plaintiffs prayed a specific performance and partition. The defendants pleaded a general denial and the Statute of Limitations of three and five years.

At the trial the plaintiff introduced the bond ; a decree of the Probate Court of Harris county, June Term, 1846, vesting all the property of the estate of John N. Wilson in Mary Wilson as sole heir ; a conveyance from Mary Wilson to the plaintiff May 1, 1849 ; in this conveyance, the land was described as " two hundred acres out of the headright of Thomas Early, inherited by Thomas Early, junior, his son ;" but it was also described as in Washington County, and as transferred by bond of said Thomas Early, junior, to John N. Wilson, " and for a more full description of said land reference is directed to the aforesaid bond of Thomas Early, junior, which is made a part of this deed ;" it was alleged in the pleadings of plaintiff, that this conveyance described the land as part of the headright of Thomas Early instead of M. Early, by mistake. The plaintiff then proved by the deposition of Mary Early, having first released her from her warranty, that the said two hundred acres were in fact sold by her to plaintiff at the date of her conveyance to him ; that she had but the one bond of Thomas Early ; that the bond sued on is the same, and the one she transferred to the plaintiff. The statement of facts here says, " to the reading of all which the defendant by counsel excepted, and moved the Court to exclude them, which exception and motion were by the Court overruled." The plaintiff then introduced the testimony of James Gray, taken informally by consent, as follows :

Thomas Early, sometime between 1843 and 1845, sent a verbal message by me to Mr. Wilson of Houston, to know if

he, said Early, should sell his tract of land, what disposition he should make of his, Wilson's; his answer was that any disposition he, Early, made of the land would be right, which I told Early.

I heard Mr. Henderson say, after the trade, that he was safe in the purchase of the land, for that he had taken Mr. Early's bond, with James L. Farquhar as security, to indemnify him in his said purchase from Early.

Thomas Early told me, since his return to Texas from California only a short time ago, that he had not settled with Wilson's heirs, that the difficulty was about the kind of money ; Thomas Early alleging that he had received Texas money.

Here the plaintiff closed ; the defendants demurred to the evidence ; the plaintiff joined in the demurrer ; the jury were discharged ; and the Court gave judgment for the plaintiff. Defendants appealed. The objection was not anywhere specially taken, that it was not proved that any consideration was received by Early for the bond or land agreed to be conveyed.

*A. M. Lewis*, for appellants.

*Giddings & Giddings*, for appellee.

WHEELER, J. The objection to the judgment, that the evidence does not sustain the plaintiff's right to recover the particular land sued for, is not tenable. The supposed uncertainty arises from the mistake and discrepancy in the bond and deed under which the plaintiff claims, respecting the original grantee of the land. But both instruments contain other matter of description sufficient to render it perfectly certain what land was really intended to be conveyed. There can be no difficulty or doubt respecting the identity of the land. The misdescription in the particular indicated, therefore, is not material.

The defendants introduced no evidence in support of their

pleas of the Statute of Limitations. Less than ten years elapsed from the maturity of the obligation to the bringing of the suit. And under the decision of this Court in Holman v. Crisswell, (15 Tex. R. 394,) the Statute did not commence to run, until there was some act indicative of an intention to hold adversely to the plaintiff, or those under whom he claims. There was no such act until the sale to the defendant Henderson, on the 13th of April, 1847. There is no evidence of any possession by Early ; nor is there any evidence that Henderson went into possession upon his purchase. But if he did, three years did not elapse before the bringing of the suit. There is nothing in the record to support the defence of the Statute of Limitations.

The defendant Henderson cannot claim a right to hold the bond, as against the plaintiff, as an innocent purchaser without notice of the prior sale; for the plaintiff's bond for title was filed for record and recorded shortly after it was executed, in April, 1840. Besides, the defendant, it seems, had actual notice of its existence. When the plaintiff purchased of one whose evidence of title was recorded, he was under no necessity to enquire whether the vendor of his vendor had made another sale of the land subsequent to the time of the recording of his vendor's title ; nor would he be affected by such subsequent sale. The plaintiff, by his purchase, took all the title and was substituted to all the rights of his vendor.

There is no error in the judgment, and it is affirmed.

Judgment affirmed.