## J. T. MATHEWS ET AL. V. NYDIA BENEVIDES ET AL.

### Delivered March 2, 1898.

**1. Pleading—Presumption Against Pleader.**

Where the petition or bill to reform a deed does not claim that the mistake is a matter of recent discovery, but is silent on this subject, it will be taken to have been known to all parties from the time the deed was executed.

**2. Laches—Legal Title—Parol Admission.**

The parol admission or recognition by the owners of the legal title to real property, that it was the intention of the parties to a deed to convey such property, which intention was thwarted by a mistake in the description, is not sufficient to relieve the grantee from the effect of his laches in failing for twenty-five years to institute an action to reform the deed, where the delay was not induced by any promise or understanding on the part of such owners, and the grantee has not materially changed his attitude in consequence of such admission or recognition.

**3. Stale Demand—Action to Reform Deed.**

A delay of twenty-five years after knowledge that a deed described the wrong property, in bringing an equitable proceeding to reform it, subjects the claim to the rule of stale demand, unless the delay is shown to have been attended by some excuse that a court of equity should recognize as sufficient.

**4. Same—Rule as to Trusts Not Applicable.**

The rule applicable to trusts, that the equitable title does not become stale so long as it is recognized by the trustee, or is not repudiated by him, does not apply to the rights of a grantee to the reformation of his deed which, by mistake, described property other than that intended to be conveyed.

APPEAL from Webb. Tried below before Hon. A. L. McLANE.

*J. O. Nicholson* and *C. C. Pierce*, for appellants.

*A. Winslow*, for appellees.

JAMES, CHIEF JUSTICE.—The District Court sustained general and special demurrers to the petition, and this action is sought to be reversed by this appeal.

It appears from the petition that on February 11, 1872, Jose Maria Benevides and his wife for valuable consideration executed a deed to Charles Callaghan, describing the land thus: "All our right, title, and interest in porcion No. 6, of Webb County, said porcion having been originally granted to my father Cristobal Benevides, being one undivided one-eighth part of said porcion No. 6, or 625 acres more or less." That by inadvertence and mutual mistake porcion No. 6 was mentioned in said deed, when the intention was that it should convey porcion No. 5. The suit was brought on September 11, 1897 (after twenty-five years), to correct the deed in this respect. In order to avoid.

the effect of the delay in bringing the suit, plaintiffs alleged that they owned and claimed the land (porcion No. 5) under Callaghan, and that Callaghan and all those under whom plaintiffs so hold, have ever since the date of said deed (February 2, 1872) claimed to be the owners of porcion No. 5 by reason of said deed, rendering it for taxes and exercising complete dominion and control over the same, all with the full knowledge of and without protest or objection from said Jose Maria Benevides and his wife and those in privity with them, and that during all that time neither of them by word of mouth or other act ever manifested any intention to claim said porcion No. 5, but on the contrary they and each of them at all times, with full knowledge of plaintiffs' claim, recognized the same as the property of Callaghan or his assigns, acquiesced therein and acknowledged the truth and justice of said claim until in June, 1897, when plaintiff requested them to execute a proper instrument of conveyance or release, the nature of which would remove the cloud from and quiet plaintiffs' title to one-eighth of said porcion No. 5, which they refused to do. It is also alleged that said mistake mentioning the porcion as No. 6 instead of No. 5, constitutes a cloud on plaintiff's title.

The petition states the further fact that Cristobal Benevides, the father of the grantor, was the original grantee of porcion No. 5, the same having been granted to him by the Spanish government; and that porcion No. 5 was the only porcion in Webb County that was ever granted to said Cristobal Benevides by the Spanish government, and that it was community property of said Jose Maria Benevides and his wife.

There was a general demurrer and several special demurrers to this pleading upon the ground of limitations or stale demand, which were all sustained, and plaintiffs refusing to amend, the cause was dismissed.

*Opinion.*—Our reasons for sustaining the judgment of the court will be given without following the assignments. The bill does not claim that the mistake was a matter of recent discovery—is silent on the subject—and it must therefore be taken to have been known to all parties concerned from the time the deed was executed, and the allegations imply as much.

It is immaterial to consider in this case any distinctions between the nature of a suit to reform a deed, and one to clear the title of cloud. The theory of plaintiffs' suit is to correct the deed and thereby remove the alleged cloud, and therefore this is primarily and essentially a suit to reform the deed. But as to laches, it seems the same conditions would render either character of demand stale. Walet v. Haskins, 68 Texas, 420; Oldham v. Medearis, 90 Texas, 507. The latter case is authority for the rule in this State, that the right of a party to sue for a correction of a deed becomes a stale demand if sufficient time has been suffered to elapse since the discovery of the mistake.

We regard it as unnecessary now to cite authorities in support of the

rule that a delay of twenty-five years in bringing an equitable proceeding of this character, with knowledge of the alleged mistake and its effect upon the title, will subject the claim to the rule of stale demand, unless the delay is shown to have been attended with some excuse that a court of equity should recognize as sufficient.

The excuses here consist of the facts that the vendors and those in privity with them have never since the making of the deed set up claim to porcion No. 5, but have always treated the deed as conveying said porcion, and recognized plaintiffs' title to it until shortly before the institution of the suit; and that plaintiffs and those under whom they claim have always asserted title, control, and ownership thereof and paid the taxes thereon. Are these facts sufficient to withdraw the case from the bar of stale demand?

It is clear that there was no written or effectual recognition of plaintiffs' claim, for it is averred that such writing was solicited and refused. It is not averred that plaintiffs or their grantors have ever been in possession of the land, if indeed that alone would make any difference in the question before us. It is not averred that the delay was induced by defendants' recognition of plaintiffs' title, and we do not believe that if such had been averred this would have been received as a reasonable excuse for foregoing all diligence for so long a period, unless such recognition was shown to have occasioned some material change in plaintiffs' condition with reference to the land, as would render it inequitable to allow defendants to interpose the plea. Nothing of this kind is stated. No fraud is alleged. That defendants, although having notice of the mistake and of plaintiffs' claim, may have asserted no title to the land, and that plaintiffs did throughout this period assert title to it, would not constitute an excuse for the delay. Kerr on Fraud and Mistake, p. 311. The case comes to this: Was defendants' parol admission or recognition of itself a valid excuse? We can understand how such recognition would be available as evidence on a trial to establish the mistake. It seems to us that it tended to facilitate plaintiffs in their right to relief rather than to obstruct or delay it, and if they took it for granted that such admissions would be perpetual, and rested upon such conclusion, voluntarily formed, and not induced by any promise or understanding on the part of defendants, or not followed by some material change in plaintiffs' attitude, as by making improvements, etc., justly chargeable to such recognition, we do not see why a court of equity should except their case from the rule.

It is also contended by appellant, that by reason of the facts alleged there was no cloud on plaintiffs' title until defendants refused to execute the instrument applied for, and therefore the demand is not stale. This view is not tenable, because the right of action had existed from the date of the deed, namely, the right to a decree reforming the deed, and that is really what is asked by this bill.

Nor is this case governed by the rule applicable to trusts, where the equitable title does not become stale so long as it is recognized by the

trustee, or is not repudiated. The deed as made was sufficient to convey title to porcion No. 5 or it was not. If it was, the legal title was conveyed and no trust existed, and if it did not convey the land, plaintiffs had no title either legal or equitable. In the latter case they would have a right to have the deed corrected, to make it speak as a conveyance of other land than that it described, upon proof of mistake; and we take it, there could be no trust relation in reference to certain land by virtue of a deed which conveys other land. The remedy would be confined to an action to reform the conveyance, upon the ground of the mutual mistake, and would not be founded upon any other ground. Clark v. Gregory, 87 Texas, 191.

We conclude that the decree should be affirmed, for the reason that the petition shows that the suit to correct the deed was brought too late to be entertained, under well settled rules governing courts of equity.

We do not wish to be understood, however, as saying that the deed in question can not be made by its terms to relate to porcion No. 5. It refers to the porcion as having been originally granted to Cristobal Benevides, and plaintiff alleges the fact to be that porcion No. 5 was the only porcion granted to said Benevides. This may admit of it being found to relate to this land, in a court of law, on a trial of the title. Early v. Sterrett, 18 Texas, 117; Clark v. Gregory, supra. This, however, we do not now attempt to decide.

*Affirmed.*

Writ of error refused.