**WHEAT et al. v. WHEAT.** (No. 6706.)

(Court of Civil Appeals of Texas. San Antonio. March 1, 1922. Rehearing Denied April 5, 1922.)

1. **Deeds** ⊜⇒66—Where purpose of delivery to third party is disputed, question of actual delivery is for jury.

An actual manual delivery to grantee is not essential to a legal delivery, which may be accomplished by manual delivery to a third party, but, where there is no manual delivery to grantee, and the purpose of a delivery to a third party is disputed, the question whether there was an actual delivery is one for the jury, and the trial court should not direct a verdict, unless the evidence leads to but one conclusion.

2. **Husband and wife** ⊜⇒278(2)—Separation agreement upheld only when made after separation with intention of remaining apart.

A separation agreement, if fair and equitable, will be upheld if made after the parties have separated with the intention of remaining permanently apart, but not if made while the parties were living together as man and wife, and for the purpose of effectuating a separation and divorce.

3. **Husband and wife** ⊜⇒281—Whether parties were separated when separation agreement was made, with no intention of resuming relations, is for jury if disputed.

Whether husband and wife were separated when the separation agreement was made, with no intention of resuming marital relations, is for the jury if disputed.

Appeal from District Court, Edwards County; Joseph Jones, Judge.

Action by Nora B. Wheat against Gus D. Wheat and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Elliott & Wardlaw, of Sonora, and L. Old, of Uvalde, for appellants.

W. A. Morriss and W. E. Engel, both of San Antonio, for appellee.

SMITH, J. Appellant Gus D. Wheat and appellee, Nora B. Wheat, were married in November, 1919, and began their marital journey on appellant's ranch in Edwards county. Their wedded life was not happy; they soon quarreled, and in less than a year after their marriage separated, appellant remaining on the ranch and appellee taking up her residence in Rock Springs. About the time of this separation Mr. and Mrs. Wheat entered into a written separation agreement, providing for a division and partition of their property, whereby Mrs. Wheat was to receive certain live stock and real property situated in Rock Springs, and her husband's note for $5,000, payable in four years, the value of the whole being estimated at $10,500. In accordance with the terms

of this agreement, Mr. and Mrs. Wheat executed a deed and bill of sale conveying all of the property involved to Walker Ragsdale, as trustee, who in turn, by separate instruments, conveyed to Mr. and Mrs. Wheat the properties apportioned to them, respectively, in the separation agreement. In further compliance with that agreement, Wheat executed his note in favor of Mrs. Wheat for $5,000, and a deed of trust conveying his portion of the real estate to Ragsdale, as trustee, to secure the payment of said note. The separation agreement and the various conveyances executed in pursuance thereof were executed on the same day, September 11, 1920, and the note and deed of trust to secure it were executed and acknowledged by Wheat two days later. The various instruments were prepared by T. A. Williams, an attorney, who also took the acknowledgments of the parties thereto, and, by agreement, and at the request of the parties, Williams took possession of all the instruments executed in the settlement proceedings, and delivered them to Walker Ragsdale, cashier of a local bank at Rock Springs. In turning the papers over to Ragsdale, Williams gave the latter the following letter of instructions:

"September 14, 1920.

"Mr. Walker Ragsdale, Rock Springs, Texas—Dear Sir: Acting upon instructions of Mr. Gus D. Wheat and Mrs. Gus D. Wheat, of Edwards county, Texas, I am herewith handing you such papers as constitute a settlement and division of their community property situated in this county, with instructions that you hold same in escrow until it is agreed by all parties interested, Mr. Gus D. Wheat and Mrs. Gus D. Wheat, that same be placed of record.

"Yours very truly,
"[Signed] T. A. Williams."

In February following Mrs. Wheat procured a divorce from appellant, and in the following September instituted this action to compel the delivery to her of the deed, note, and deed of trust, and for title to the property involved. The trial court directed a verdict for Mrs. Wheat, and this appeal is from a judgment based on that verdict.

The question presented in this appeal is whether or not there was such delivery of the title papers and note to Mrs. Wheat as to pass title to the property therein conveyed. Mrs. Wheat contends that the delivery was complete for such purpose, and testified that the instruments were deposited with Ragsdale only for their safe-keeping. Wheat contends to the contrary, and testified that the papers were deposited in escrow with Ragsdale, with the understanding between the parties that they would not be delivered or effective until and unless he was able to make financial arrangements which would enable him to lift the liens outstanding against the property involved, and until cer-

tain other contingencies occurred; that he was unable to make these arrangements, and the contingencies upon which the delivery of the title papers depended had never occurred. There was a sharp conflict in the testimony upon this vital issue of delivery, and appellant urges that the court erred in directing a verdict and refusing to submit that issue to the jury. This contention must be sustained.

It is undisputed that the papers in question were at no time delivered in hand' to the respective grantees, and it is also conceded. that both parties agreed to turning these papers over to a third party for delivery to Ragsdale, a stranger. They were not filed for record, nor was the question of their registration discussed, or even considered, so far as the record shows. The only issue is whether they were placed in the hands of the stranger for safe-keeping merely, or in escrow to await the happening of certain contingencies, upon the occurrence of which alone they were to be delivered.

[1] We understand, of course, that an actual manual delivery to the grantees was not essential to a legal delivery, and that a legal delivery to the grantees may be accomplished by a manual delivery to a third party. But, where there is no manual delivery to the grantee, and the purpose of a delivery to a third party is in dispute, the question of whether or not there was an actual delivery becomes an issue of fact, to be determined by a jury from all the facts and circumstances in evidence, including the words, acts, and conduct of the parties concerning the transaction. It is only when this evidence is such as to lead to but one conclusion, upon which reasonable minds cannot differ, that a trial court would be warranted in directing a verdict. While we are not unmindful of the duty resting upon us to approve the action of the learned trial judge, in this cause we have been unable to reach the conclusion that the evidence here is so conclusive as to warrant a directed verdict.

[2] It was contended by appellant in the trial court, and here, that, if the separation agreement was made, and became effective, it was nevertheless void because it was made at a time when the parties were actually living together as man and wife, and for the purpose of effectuating a separation and divorce, in contravention of sound public policy. The application of this well-settled rule depends upon the present relations of the parties at the time of making such agreements. If at such time the husband and wife have separated with the intention of remaining permanently apart, the agreement, if fair and equitable, will be upheld, but not otherwise. Cox v. Mailander (Tex. Civ. App.) 178 S. W. 1012, and authorities there cited.'

[3] Of course, if there is a dispute as to whether or not the parties in this case were separated at the time the agreement was made, with no intention of. resuming the marital relations, the issue should be determined by the jury upon proper request.

We think this case was one for a jury, and accordingly the judgment is reversed, and the cause remanded.

Reversed and remanded.