**MYLES v. ARNOLD et al.**

No. 4168.

Court of Civil Appeals of Texas.
El Paso.

Feb. 5, 1942.

Rehearing Denied March 12, 1942.

Muldary & Elkington, of San Francisco, Cal., and Harrison, Rasberry & Lipscomb, of El Paso, for appellant.

Burges, Burges, Scott & Hulse and Kemp, Smith, Goggin & White, all of El Paso, for appellees.

SUTTON, Justice.

This is an appeal from the 41st District Court of El Paso County.

The plaintiff is Alberta Deppen Myles, the widow of Homan C. Myles, deceased. The defendants are Kathleen Myles Arnold and Ernest Chevalier Myles, individually and as executors of the estate of Homan C. Myles, deceased, Walter E. Arnold, husband of Kathleen Myles Arnold, Mary Nations Myles, Alice M. Ochs and William V. Ochs. The parties will be described here as in the trial court.

The trial was to the court without a jury. The judgment was for the defendants, from which the plaintiff has appealed. The trial court filed findings and conclusions.

Plaintiff sought to recover the sum of $200 per month from April 1, 1938, to the date of trial; the sum of $66,528, being the sum which she says will accrue during her life expectancy at the rate of $200 per month, and to establish an equitable lien against certain property in the hands of the defendants to secure such sums, and for a foreclosure thereof. In the alternative, she sought judgment for the sum of $5,800, the amount due to the date the suit was filed, and $200 per month from that date to date of trial, and that a trust be established on all the property in the hands of the defendants to secure the payment of the sum of $200 per month during the remainder of her life, and that a trustee be appointed to administer the trust.

Plaintiff's suit is predicated on certain written instruments referred to and attached to her petition, which we will reproduce in sufficient substance to be fairly understood.

Plaintiff was married to Homan C. Myles, deceased, January 29, 1934, which marriage relation continued to the death of Homan C. Myles, December 23, 1939.

Plaintiff and her husband, on December 28, 1935, entered into a written contract under the terms of which it was agreed in substance that Homan C. Myles would make a will simultaneously with the contract, devising to plaintiff the sum of $200 monthly for life. Plaintiff undertook in said instrument to waive and relinquish all her rights and interests in any property, real and personal, owned or to be acquired by Homan C. Myles, except such as named in the will. Myles agreed not to alter or revoke the will in any manner affecting the rights of plaintiff. The instrument undertook to make the same binding upon the heirs, executors, administrators, representatives, successors and assigns of the parties. It was signed by each but not acknowledged.

The will made pursuant to the contract above was not signed and was excluded by the court. It is not relied upon here. The

contract and will of December 28, 1935, superseded a contract and will dated January 26, 1934, which were likewise excluded by the court. The contract is discussed in the brief and made the basis of an assignment and proposition. The latter instruments were in all material respects the same as those dated December 28, 1935.

March 26, 1937, plaintiff and Homan C. Myles entered into what is described in her petition as a separation agreement. It was recited therein that they "hereby mutually agree to separate and live apart from each other during the remainder of their matrimonial obligation, unless they should mutually agree to vacate this agreement." It provided the wife might live at such places and in such manner as she desired, and engage in any business she saw fit, without any control, interference, etc., on the part of the husband, in all respects as if she were single. The instrument stipulated that so long as it was performed by the husband she would contract no debt or obligation for which he should be liable, nor institute any suit or proceeding against him for divorce, legal separation, alimony, or other purpose except for personal injury or wrong. He agreed therein so long as the separation continued he would in no manner interfere with his said wife nor claim anything of hers, or that which she might earn or thereafter become possessed of; that she might retain all such belongings and property and dispose of the same in any manner she saw fit during her life time or by her last will as if she were "sole and unmarried." It provided he would during his life and so long as they continued to live apart pay her in advance the sum of $200 per month, and finally that if there should be, either with or without her consent, any proceedings instituted against him for divorce or legal separation, or for alimony or additional allowance, etc., the contract, at his option, should become void. The instrument is signed but not acknowledged.

April 13, 1938, Homan C. Myles executed another will wherein he devised to plaintiff the sum of $5, and the remainder of his estate he devised to his three children, share and share alike. It expressly revoked all prior wills. This will was duly probated in the Probate Court of El Paso County.

The plaintiff has six assignments of error and has briefed thereunder five propositions. They are as follows:

"I. The error of the Court in holding that the validity of the Contracts of January 26, 1934, and December 28th, 1935, was governed by the laws of Texas.

"II. The error of the Court in holding that, even if the contracts were governed by the California laws, they could not be enforced in Texas.

"III. The error of the Court in holding that the separation agreement of March 26, 1937, was invalid under Texas laws.

"IV. The error of the Court in holding that the validity of the separation agreement of March 26th, 1937, should be governed by the Texas laws.

"V. The error of the Court in excluding from evidence the copy of the Contract of January 26th, 1934."

We think the several propositions briefed need not be separately considered. The several instruments between plaintiff and Myles were all executed in California. Wherever the residence of Myles is named in the instruments it is designated as El Paso County, Texas. The trial court found as a fact Myles died in El Paso County; that the principal part of his estate was located in such county; that at all relevant times here he was a resident of El Paso County, and the contracts were to be performed in said county. We think the evidence sufficient to support the findings. Plaintiff in her pleadings seeks to enforce the contracts against property situated in El Paso County.

Each of the contracts involved here undertakes to constitute property acquired during the marriage of plaintiff and Myles separate property contrary to the Constitution and laws of this State. "The Legislature could not divest the husband of all interest in and to property which, under the Constitution, was guaranteed either to the community or to the husband's separate estate, and use the same to enlarge the wife's separate estate beyond its Constitutional limits." Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799, near bottom of next to last paragraph page 805. "If the Legislature is powerless to enact a law enlarging the wife's separate estate beyond its constitutional limits, it is clear that the provisions of the organic law cannot be set aside and such enlargement accomplished by the mere agreement of the parties made in contemplation of marriage." Gorman v. Gause, Tex.Com.App., 56 S.W.2d 855, at

page 858. "It is immaterial whether this agreement was executed before or after the marriage. In either event, it was a void and unenforceable agreement" because contrary to the Constitution and laws of the State. Gorman v. Gause, supra, 56 S. W.2d at page 857.

In addition to the provision contained in the contract of March 26, 1937, that the property acquired by the plaintiff during the remainder of the marriage relation should be her separate property rather than community, we think it invalid for another reason. The trial court found as a matter of fact plaintiff and Homan C. Myles were living together as husband and wife on March 26, 1937, and continued to so live until April 1, 1937. We think the record and the recitations of the contract support this finding. There is certainly no positive proof in the record that there had been a separation with the intention to permanently remain apart prior to or at the time the contract was made. A contract between husband and wife to separate in the future is contrary to public policy and void. For such a contract to be valid it must be made to appear there has been a separation with the intention of remaining permanently apart. There must be some time fixed by the law when such contracts may be said to be definitely void. This time seems to be, and ought to be, at any time before the spouses have separated with the intention to remain permanently apart. Levy v. Goldsoll, 62 Tex. Civ.App. 257, 131 S.W. 420, writ refused; Cox v. Mailander, Tex.Civ.App., 178 S.W. 1012, writ refused; Wheat v. Wheat, Tex. Civ.App., 239 S.W. 667. Of course, it is the policy of the law to encourage a continuation of the marriage relation and to lend no inducements to a discontinuance of it. This contract undertook to constitute all the future earnings of the wife her separate property; provided the very substantial support of $200 per month, and relieved the wife of the care incident to old age.

It follows as a matter of course under the authorities cited, and many more might be cited, that the contracts here relied upon are void under the law of this State. The contracts being contrary to the laws of the State and its public policy cannot be enforced in the courts of this State, against a citizen of the State, although the same may be valid and enforceable where made. Union Trust Co. v. Grosman, 245 U.S. 412, 38 S.Ct. 147, 62 L.Ed. 368; Bond

v. Hume, 243 U.S. 15, 37 S.Ct. 366, 61 L.Ed. 565; Taylor v. Leonard, Tex.Civ.App., 275 S.W. 134.

There is no error in the judgment of the trial court and it is affirmed.