### BLAINE v. BLAINE.

No. 13805.

Court of Civil Appeals of Texas. Dallas.

July 11, 1947.

Rehearing Denied Sept. 26, 1947.

John W. Miller, of Dallas, for appellant.
John W. Pope, Sr., of Dallas, for appellee.

YOUNG, Justice.

The suit of Mrs. Eunice Blaine, plaintiff in trial court, was to correct the description in a deed dated March 11, 1939, and, upon a jury trial, judgment was rendered granting the relief sought, with consequence of this appeal.

As leading up to the instant litigation, plaintiff alleged that on date of said deed the parties had been husband and wife for many years, with two children born to the marriage, a boy and girl; that domestic troubles had arisen between them, and the deed was executed and delivered to plaintiff in complete and final settlement of all property rights; it being specially agreed, in consideration of the conveyance, that plaintiff would assume the burden of maintenance and education of the children, bearing all expense incident thereto and relieving defendant, M. H. Blaine, of all responsibility in such connection; she agreeing to pay off and discharge outstanding indebtedness against the property, including delinquent taxes. Of the lands conveyed pursuant to this understanding, only tract 9 is here involved, consisting of a Dallas County farm, originally some 265 acres in size; concerning which, the deed recited a conveyance of grantor's "undivided one-half interest"; whereas, it was alleged that Mr. Blaine had intended to convey "all his right, title and interest" therein. Plaintiff charged that a mistake was made by the scrivenor drawing the 1939 deed, in this: That title to said tract had originally stood in D. B. and Mose H. Blaine, copartners. In a prior division of property between the two brothers, D. B. Blaine had conveyed his undivided one-half interest to Mose H. Blaine and, in drawing the deed in suit, the description of tract 9, as set forth in the previous partition, was used, resulting in a conveyance of merely defendant's undivided one-half interest instead of all his interest in and to said land. It was further alleged that defendant, in a later court proceeding, testified that he owned no interest in the tract and it was not until November or December 1945, that plaintiff was advised by him to the contrary; also that plaintiff had maintained and educated the two children in accordance with said 1939 agreement; and was still in performance of the terms and conditions thereof.

To the above cause of action, defendant interposed as a bar the four-year statute of limitation; alleging further that the purpose of such 1939 deed was to protect the property described therein from embarrassment due to assertion of claims against defendant which he believed to be unfounded; and that, in executing the deed, he made known to plaintiff, his wife, the pendency of such claims; that he was deeding the property to her in order to place it beyond reach of these creditors; it being understood that at a later date they would meet and agree upon a more equitable partition; in the meanwhile maintaining that the deed constituted a settlement of property for support of children. It was further charged that the parties met after their divorce in November 1940, plaintiff submitting a plan of equitable partition of the property, which plan required defendant to supersede a certain Carl Lowery judgment of $4,000, which he was unable to do; and that by reason of this subsequent transaction plaintiff was in no position to ask a court for relief in equity.

The jury answered "Yes" to the two issues submitted, viz.: (1) "Do you find from a preponderance of the evidence that at the time the defendant, M. H. Blaine, executed the deed in question, it was his intention to convey to Mrs. Eunice Blaine, then his wife, all of the right, title and interest which he, the said M. H. Blaine, at that time had in and to the tract of land described in plaintiff's petition, known as tract No. 9?" (2) "Do you find from a preponderance of the evidence that one of the intentions of the defendant, Mose H. Blaine, in executing the deed of March 11, 1939, was in order to place the property in question beyond the reach of claimants that were then asserting claims against him?" Counsel for defendant had stipulated in connection with his argument before the jury that issue one above should be answered in the affirmative.

The premise of the 1939 deed in question, reads: "That I, Mose H. Blaine, of the County of Dallas, State of Texas, for and in consideration of the sum of Ten ($10.00)

Dollars, cash to me in hand paid by Eunice Blaine, out of her separate property, the receipt of which is hereby acknowledged, and for love and affection, and other and further valuable consideration not herein expressed, but acknowledged and confessed, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said Eunice Blaine, to be a part of her separate estate, and to be for her full and special use, all those certain tracts of land lying and being situated in Dallas County, Texas, being described," etc. Petition for divorce was filed by Eunice Blaine against defendant on May 23, 1940, divorce judgment rendered November 8, thereafter, she being granted custody of the two children, Mose, Jr., and Barbara, aged 17 and 11 years respectively; the decree further reciting "that the defendant has heretofore to wit, March 9, 1939 (true date March 11), made provision for the aid, maintenance, and education of said minor children by transferring to the plaintiff properties for said purpose and the court finds that such provision so made is reasonable and just."

It was not disputed that the amount of delinquent taxes against tract 9 since 1933 and current taxes due thereon, inclusive of 1945, paid by Mrs. Blaine, were in the sum of $2,110.61; and that on November 21, 1941, she sold 50 acres off of tract 9 for purpose of clearing such acreage of debt, in which connection Mrs. Blaine executed an indemnity bond to the Stewart Title Company, reciting that the latter was guaranteeing title to the purchaser and "has raised the question that the deed from Mose H. Blaine * * * (to tract 9) * * * does not possibly convey all of the interest then owned or now held by said Mose H. Blaine, and has required that it be indemnified against any loss it may suffer by reason of Mose H. Blaine, or anyone claiming by, through or under him, recovering any interest in said property, and said company being liable on its certificate of guarantee," etc.; Mrs. Blaine becoming further obligated "to bring a suit against Mose H. Blaine to determine whether or not Mose H. Blaine owns any right, title or interest in any part of the whole tract of land conveyed" by said March 1939 deed.

The present action by plaintiff, styled "Suit to reform description in deed," was filed December 22, 1945.

At conclusion of evidence, defendant moved for peremptory instruction, then for judgment notwithstanding the verdict, also for judgment thereon, all of which being overruled, the court decreed that appellee, Mrs. Blaine, "do have and recover from the defendant the entire fee simple title in and to" the 265½ acres involved.

Fairly summarized, appellant's points of error are: (1–a) A suit filed December 22, 1945, for reformation of deed dated March 11, 1939, is barred by Art. 5529 Vernon's Ann.Civ.Stats., not being brought within four years thereafter; and, in any event, where a title company called plaintiff grantee's attention to the mistake in description on November 21, 1941, at which time grantee signed an indemnity agreement obligating herself to bring suit to clear title, the action was barred under Art. 5529 from and after said last mentioned date; (b) failure of grantor in original deed to execute a correction deed when presented to him, does not toll the statute of limitation or estop him from pleading the statute in plaintiff's subsequent suit for reformation of the instrument in question. (2) The intent and purpose of the 1939 conveyance was to delay, hinder and defraud creditors, a fact known to Mrs. Blaine, grantee, notwithstanding the recited consideration of $10, love and affection, and other and further valuable consideration; and a court of equity will not aid either party to such a transaction, shown to be in pari delicto. (3–a) A deed looking to separation and divorce, delivered by husband to wife at a time when they are living together, approximately seven months before separation and more than a year prior to filing of divorce suit, is void on grounds of public policy and cannot form the basis of an action by the wife to reform description in such instrument; (b) likewise, a deed avowedly executed to relieve father of common law duty to support his children is contrary to public policy and void.

Appellant's plea of limitation is countered by the following defensive allegations: (1) That appellee's obligation to

maintain and educate the two children, in consideration of this deed, is still in process of performance, i.e., executory, against which limitation would not run until its completion; (2) estoppel on part of appellant to plead limitation, in that, he had, subsequent to the deed, by affirmative acts and declarations, renounced all interest in the property until November or December 1945, when he refused to sign a paper of correction and, for the first time, asserted a claim.

■ Undoubtedly, by the 1939 deed appellant intended to convey the whole of his community interest in tract 9, instead of a "one-half undivided interest," as recited therein. His testimony in the suit for injunction (September 1940) to restrain levy of execution on the Lowery judgment, was that he had "conveyed it all"; and statements to the same effect were repeated by him on the instant trial. In the meantime, he had evidenced no interest in yearly rents or revenues, paying no taxes; simply refusing, in November or December 1945, to sign a quitclaim or corrective deed. The facts underlying either of above defenses cannot be regarded as sufficient to toll the four-year statute of limitation interposed by defendant and applicable to plaintiff's suit for reformation (Art. 5529, Vernon's Ann.Civ.Stats.). The action was not for specific performance of the earlier verbal agreement, but to reform or correct the deed of March 1939 so as to make it reflect what plaintiff claims to be the true understanding of the parties; and obviously controlled by the statute just cited. Pure Oil v. Ross, 131 Tex. 41, 111 S.W.2d 1076.

■ Nor did the acts and declaration of defendant create an estoppel. This equitable defense is not established where the true facts are equally accessible to the parties, or where plaintiff, as grantee in the deed, had the same means of information concerning her rights as did the defendant. 17 Tex.Jur. p. 143; Mathews v. Benavides, 18 Tex.Civ.App. 475, 45 S.W. 31, writ reference; Kennedy v. Ellisor, Tex.Civ.App., 154 S.W.2d 284, writ reference. Plaintiff's action to correct the instrument so as to include defendant's whole interest in tract 9 accrued either at the time the deed was delivered, Cleveland State Bank v. Gard-

ner, Tex.Com.App., 286 S.W. 173; or from the time grantee was chargeable with knowledge of the mistake (November 21, 1941), 36 Tex.Jur. p. 765; Reese v. Granau, Tex.Civ.App., 27 S.W.2d 591; Texas Osage Co-Operative, etc., v. Garcia, Tex.Civ.App., 176 S.W.2d 798; Kahanek v. Kahanek, Tex. Civ.App., 192 S.W.2d 174. And plaintiff's suit, instituted more than four years after accrual of her cause of action, was subject to the bar of limitation (Art. 5529) pled in defense thereto. Our conclusion just reached renders unnecessary more than a brief discussion of appellant's further points.

■ It is argued that Mrs. Blaine was in pari delicto as a matter of law in the 1939 conveyance to defraud creditors and, therefore, precluded from claiming or seeking the enforcement of any additional rights under or as a result of such illegal transaction. It is well settled that "As between the parties to such a contract, who are in equal fault, no rights exist which a court of justice will enforce." Davis v. Sittag, 65 Tex. 497; Pomeroy, Eq.Jur., 5th Ed., sec. 940, p. 728. As we view the record testimony, same is highly conflicting relative to whether or not appellant made known to Mrs. Blaine that, in making the deed, he proposed to defeat the Lowery judgment. Mrs. Blaine had repeatedly stated that the conveyance followed an agreement for child support in connection with "a divorce that was being contemplated;" and that she did not know "he was deeding that property to me on account of the Lowery case;" Mr. Blaine swearing in the injunction hearing (September 1940) that he did not even tell his wife of being a party to the Lowery suit; in the instant suit, testifying to a full disclosure and of making known to her his intention with respect to the Lowery litigation. No issue was requested on this independent ground of defense, and same, not being conclusively established by the evidence, must be considered as waived; Rule 279, Texas Rules of Civil Procedure.

■ The Blaines did not finally separate until the fall of 1939, divorce petition filed May 1940. The 1939 deed was delivered prior to their separation, the present

suit being predicated upon a property settlement in anticipation of divorce; thereby raising appellant's third point of error, in effect: That such instrument was void on grounds of public policy because (1) made pursuant to an agreement for future separation at a time when the parties were living together; and (2) the agreement and conveyance was clearly promotive of divorce or a facilitation of that result. "A contract between husband and wife to separate in the future is contrary to public policy and void. For such a contract to be valid it must be made to appear there has been a separation with the intention of remaining permanently apart. There must be some time fixed by the law when such contracts may be said to be definitely void. This time seems to be, and ought to be, at any time before the spouses have separated with the intention to remain permanently apart." (Citing authorities.) Myles v. Arnold, Tex.Civ.App., 162 S.W.2d 442, 445, writ reference. "All deeds for future separation are held to be absolutely void; but, where the spouses have already separated, or have determined upon a separation, and are in the act of executing it, a conveyance by the husband intended as a provision for the support of the wife will be upheld." Rains v. Wheeler, 76 Tex. 390, 13 S.W. 324, 325. "A separation agreement, if fair and equitable, will be upheld if made after the parties have separated with the intention of remaining permanently apart, but not if made while the parties were living together as man and wife, and for the purpose of effectuating a separation and divorce." Wheat v. Wheat, Tex.Civ.App., 239 S.W. 667, Syl. 2. "Though an agreement made in contemplation of a divorce often contains other provisions which, standing alone, are not invalid, yet when the general purpose of the agreement or some of its provisions is to facilitate the procuring of a divorce, the courts, notwithstanding the existence of legal grounds for divorce, have refused to enforce any part of the agreement." 17 Am.Jur., sec. 14, p. 156.

These quoted and well established principles have no bearing on the "one-half interest" actually conveyed by this 1939 deed, which property interests were validly incorporated in and disposed of by the subsequent decree of divorce, "having due regard to the rights of each party and their children." Art. 4638, Vernon's Ann.Civ.Stats.; Ashby v. Gibbon, Tex.Civ.App., 69 S.W.2d 445. But the present suit seeks reformation of a deed so as to include more land than is described therein in accordance with the intention of the parties (Issue 1), Gilbert v. Smith, Tex.Com.App., 49 S.W.2d 702, 86 A.L.R. 445; appellee here demanding, in effect, a performance by defendant of his inchoate verbal agreement. " 'The proposition is universal that no action arises, in equity or at law, from an illegal contract; no suit can be maintained for its specific performance, or to recover the property agreed to be sold or delivered, or the money agreed to be paid, or damages for its violation.' Pomeroy Eq., 940. As between the parties to such a contract, who are in equal fault, no right exists which a court of justice will enforce. 'If the contract has been voluntarily executed and performed, a court of equity will not, in the absence of controlling motives of public policy to the contrary, grant its aid by decreeing a recovery back of the money paid or the property delivered, or a cancellation of the conveyance or transfer. *As long as the contract is executory, it cannot be enforced in any kind of an action brought directly upon it. The illegality constitutes an absolute defense.'* Pomeroy Eq., 940. (Italics ours.) And this is so for reasons of public policy, and not from regard for the interest of either party to such a contract. That the contract may have been executed by one party, furnishes no reason why the other should be compelled to execute his part of it yet remaining executory." (Citing authorities.) Davis v. Sittag, 65 Tex. 497, 501.

Appellant's suggestion of fundamental error under above authorities appears well founded and, if necessary to this opinion, his third point, to the extent discussed, must also be sustained. The cause is reversed and rendered in favor of appellant.